Harold Lee **PALMER**, Appellant,

v.

The **STATE** of Texas, State.

No. 2–86–203–CR.

Court of Appeals of Texas, Fort Worth.

Aug. 27, 1987.

Strickland, Moore & Moore and Pamela Moore, Fort Worth, for appellant.

Tim Curry, Criminal Dist. Atty., and Chris Marshall, Fort Worth, for state.

Before JOE SPURLOCK, II, HILL and KELTNER, JJ.

## OPINION

HILL, Justice.

Harold Lee Palmer appeals his conviction by a jury for the offense of passing a forged writing, a check. *See* TEX.PENAL CODE ANN. sec. 32.21 (Vernon 1974). The jury found an enhancement paragraph to be true and assessed his punishment at fifteen years in the Texas Department of Corrections and a fine of $5,000. In his sole point of error, Palmer asserts that the evidence is insufficient to support his conviction. Palmer specifically urges that the State failed to meet its burden of establishing that he passed the forged instrument with intent to defraud or harm, apparently asserting that it failed to prove that he had knowledge that the check was forged.

We affirm, because we find that the evidence is sufficient to support the conviction since it would support the conclusion that Palmer stole the check from the maker, and, therefore, would support the conclusion that Palmer knew the check was forged.

On June 21, 1985, Palmer entered a Fort Worth grocery store, approached Tommy Walker III, the assistant manager, and presented a check to be cashed. Walker called the Gateway Day Nursery, the business upon whose account the check was drawn, and learned that the check had been stolen two days before. Palmer was immediately arrested.

While the assistant manager was verifying the check, Palmer and his companion were both insisting that the check was good.

Walker testified that Palmer did not seem to be nervous or upset, even though Lieutenant Tuggle of the Fort Worth Police Department, who was serving off-duty as the store's security officer, was standing nearby in full uniform. He testified that Palmer said, "You mean that check is stolen?" Walker said that Palmer's companion said something about it being her check but that he did not pay attention to her since the check was made out to Palmer.

Lieutenant Tuggle testified that he arrested Palmer when Walker told him the check was stolen. He testified that Palmer's companion tried to say Palmer had earned the check working at a business. When asked if Palmer seemed nervous or upset, Tuggle said that he was turning around, looking, and pacing back and forth.

Georgia Purselly Lott, the owner of Gateway Day Nursery and the purported maker of the check, testified that the check had been stolen two days before Palmer passed it, that she had not signed her name to the check, that her daughter had not signed her mother's name to the check, and that no one authorized by her or authorized to sign checks for Gateway Day Nursery had signed the check. She said that she did not know either Palmer or anyone by the name of his woman companion and that no one by the companion's name had ever worked for the nursery.

Palmer did not testify at his trial, and except for the false explanation offered by Palmer's companion at the time of the arrest, no one testified as to any explanation as to how Palmer came to be in possession of the stolen check.

In order to sustain this conviction, the State must show that the appellant (1) with intent to defraud or harm another (2) passed (3) a writing (4) that purported to be the act of another and (5) that other per-

sons did not authorize the act. *See Williams v. State*, 688 S.W.2d 486, 488 (Tex.Crim.App.1985); TEX.PENAL CODE ANN. sec. 32.21 (Vernon 1974). The intent to defraud or harm may be established by circumstantial evidence. *Williams*, 688 S.W.2d at 488. In the case of forgery, the culpable mental state requires proof of knowledge that the instrument is forged. *Id.*

■ The testimony showed that neither Palmer nor his companion had any connection with Gateway Day Nursery. Palmer presumably would have known that he had no connection with Gateway. We find that Palmer's lack of any relationship with the payor, even though he was the payee on the check, taken in connection with his unexplained, personal, recent possession and passing as his of one of the payor's stolen checks, is sufficient evidence to establish his knowledge that the check was forged, and therefore his intent to defraud or harm another.

■ Palmer argues that the State offered no evidence as to his knowledge that the check was stolen. It was only necessary to establish his knowledge that the check was forged, not that it was stolen. Palmer correctly asserts that no testimony established that any of the handwriting on the front of the check was his; that he made no statement from which it could be inferred he knew the check was forged; that he used his true name and own identification; and that he made no attempt to flee. As to each of those assertions, Palmer respectively relies on the cases of *Pfleging v. State*, 572 S.W.2d 517 (Tex.Crim. App.1978); *Crittenden v. State*, 671 S.W.2d 527 (Tex.Crim.App.1984); *Young v. State*, 529 S.W.2d 542 (Tex.Crim.App.1975); and *Gonzales v. State*, 685 S.W.2d 385 (Tex.App.—San Antonio 1985, pet. ref'd).

The facts in *Pfleging* are very similar to those before us except for the fact that in *Pfleging* the purported maker of the checks did not know when the check was stolen. Since the State did not establish that Pfleging's possession of the check was recent, the jury could not infer that Pfleging stole the check in question.

■ In this case, Palmer's possession of the stolen check was personal, recent, unexplained, and it involved a distinct and conscious assertion of right to the property by him. Although not conclusive, such evidence constitutes circumstances of guilt of the theft of the property in question. *See Ellard v. State*, 509 S.W.2d 622, 624 (Tex. Crim.App.1974). If the jury might infer that Palmer stole the check, then the jury might also infer from the same evidence that Palmer knew the check was forged and, therefore, had the intent to defraud or harm the person to whom he subsequently passed it.

In *Crittenden*, the defendant offered an immediate explanation for being in possession of a forged check. He said he received the check in the mail, signed by his attorney, from whom he was expecting a claim settlement check. The maker testified that he had been representing the defendant in a personal injury case but that he did not sign the check. The defendant's explanation was not otherwise refuted.

In this case, Palmer offered no immediate explanation for his possession of the stolen check. His companion apparently asserted that it was either her or his employment check, an explanation that the State proved to be false.

In *Young*, the court reversed the forgery conviction of a defendant who had signed a check under a name that was frequently used by him. The court held that the evidence was insufficient to prove that the act purported to be that of another. This case has no application to the issue before the court.

In *Gonzales*, the defendant testified that she worked for the company whose forged check she passed and that she received the checks from her supervisor and did not know they were forged. The State did not in any way refute the defendant's explanation. As we have noted in this case, Palmer offered no explanation, and the State disproved his companion's explanation.

Palmer also refers us to *Stuebgen v. State*, 547 S.W.2d 29 (Tex.Crim.App.1977) and *Baker v. State*, 552 S.W.2d 818 (Tex.

Crim.App.1977). In *Stuebgen,* the defendant worked for the company whose forged check he received. Although the State proved that the employer's check was forged, there was no showing that it was stolen or received by the defendant in such a way that he would know it had been forged.

In *Baker,* the Court of Criminal Appeals held that the defendant's action in trying to keep the injured party from securing his license number, when taken with his passing of the forged check, was sufficient to support Baker's conviction. The opinion leaves open the question as to when the checks were stolen, although it recited facts which indicated it was about a month before the defendant passed the check. The court did not reach the issue as to the sufficiency of the evidence absent the defendant's efforts to avoid detection of his license number.

We hold that when one passes a forged writing, such as a check, which has been stolen from the maker, and the evidence is sufficient to establish the defendant's guilt of the theft of the writing, the evidence is sufficient to show knowledge of the forgery, and therefore to show an intent to defraud or harm. A rational trier of fact, under those circumstances, could find the essential elements of the crime beyond a reasonable doubt. We overrule Palmer's sole point of error.

The judgment is affirmed.