# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00397-CR

**Rodrick Lavaur Griffin, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
### NO. 60942, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Rodrick Lavaur Griffin of the offense of passing a forged writing or "forgery by passing," *see* Tex. Penal Code Ann. § 32.21 (West Supp. 2008), and sentenced him to twenty years in prison. Griffin challenges the sufficiency of the evidence to support his conviction and a jury instruction regarding the burden of proof. We affirm the judgment of conviction.

On January 16, 2007, Griffin presented a check for payment to the Members Choice Credit Union in Temple, Texas. The check was drawn on the account of The Greco Hunting Group, made payable to Griffin for $463.62, and signed by Michael Crawford. The memo line contained the following notation: "01-02-07 to 01-11-07." Griffin, who maintained an account at the credit union, requested $200 in cash and a deposit of the remaining $263.62 into his account.

On March 28, 2007, Griffin was indicted for passing a forged writing. The indictment included two enhancement paragraphs noting two prior felony convictions, including convictions for the offense of tampering with physical evidence and for the offense of possession of a controlled substance. Griffin pled true to the enhancement paragraphs.

In his first two points of error, Griffin challenges the legal and factual sufficiency of the evidence to support his conviction. Specifically, Griffin argues that there was no evidence that he knew that the check was forged.

In a legal-sufficiency review, we consider whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Vodochodsky v. State*, 158 S.W.3d 502, 509 (Tex. Crim. App. 2005). We review all the evidence in the light most favorable to the verdict and assume that the trier of fact resolved conflicts in the testimony, weighed the evidence, and drew reasonable inferences in a manner that supports the verdict. *See Rollerson v. State*, 227 S.W.3d 718, 724 (Tex. Crim. App. 2007); *Shams v. State*, 195 S.W.3d 346, 347 (Tex. App.—Austin 2006, pet. ref'd) (citing *Griffin v. State*, 614 S.W.2d 155, 159 (Tex. Crim. App. 1981)).

In a factual-sufficiency review, the evidence is reviewed in a neutral light. *Roberts v. State*, 220 S.W.3d 521, 524 (Tex. Crim. App. 2007). Evidence is factually insufficient when (1) the evidence supporting the verdict is so weak that the verdict seems clearly wrong and manifestly unjust; and (2) the supporting evidence is outweighed by the great weight and preponderance of the contrary evidence so as to render the verdict clearly wrong and manifestly unjust. *Id.* An appellate court must be appropriately deferential to the jury's verdict, in order to

avoid substituting its own judgment for that of the fact-finder. *Vasquez v. State*, 67 S.W.3d 229, 236 (Tex. Crim. App. 2002). We may not re-weigh the evidence and substitute our judgment for that of the fact-finder. *King v. State*, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000).

A person commits an offense under penal code section 32.21 if he forges a writing with the intent to defraud another. Tex. Penal Code Ann. § 32.21; *Parker v. State*, 985 S.W.2d 460, 463 (Tex. Crim. App. 1999). Although Griffin acknowledges that "the evidence clearly demonstrated that the writing in question (check number 1047, written on the account of The Greco Hunting Group) was forged," he argues that "there was simply no evidence that [he] had any knowledge that the writing was, in fact, a forged writing."

Applying either a legal or factual sufficiency review, the record evidence is sufficient to support the conclusion that Griffin had knowledge that the check was forged. The record contains a copy of the check at issue, which was payable to Rodrick Griffin and drawn on the account of The Greco Hunting Group, a group of hunters who pooled their money to pay hunting lease fees, feed fees, and other expenses. John Leonard Greco, the account owner, testified that the check at issue had been included in a checkbook that was stolen from his car sometime around Christmas of 2006. Although the check purported to be compensation for services rendered, as noted in the memo line ("01-02-07 to 01-11-07"), Greco testified that he did not know Griffin, had never seen Griffin before trial, had never employed Griffin, and had never issued any payment to Griffin for the performance of services. Griffin does not dispute the conclusion that he presented the check to the bank for payment and received payment from the bank. Given the undisputed evidence that Griffin and Greco were previously unknown to each other, that Griffin never performed services for

3

Greco or for The Greco Hunting Group, that the checkbook containing the check in question had recently been stolen from Greco's car, and that Griffin presented the check, made out to him, to the bank for payment, we conclude that the record contains sufficient evidence to support a finding that Griffin knew the check was forged. *See Huntley v. State*, 4 S.W.3d 813, 815 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd) (evidence sufficient to prove knowledge where check was stolen, accused possessed check, and check was written to accused for large sum of money despite no prior connection between accused and account holder); *Palmer v. State*, 735 S.W.2d 696, 698 (Tex. App.—Fort Worth 1987, no pet.) (finding intent based on evidence that accused had no connection with payor because accused "presumably would have known that he had no connection with" payor); *see also Hernandez v. State*, 819 S.W.2d 806, 810 (Tex. Crim. App. 1991) ("Mental culpability is of such a nature that it generally must be inferred from the circumstances under which a prohibited act or omission occurs.").

Viewed either in a light favorable to the verdict or in a neutral light, the evidence is sufficient to support the conclusion that Griffin knew the check was forged. *See Roberts*, 220 S.W.3d at 524 (factual sufficiency); *Rollerson*, 227 S.W.3d at 724 (legal sufficiency). Accordingly, we overrule Griffin's first two points of error.

In his third point of error, Griffin argues that the burden-of-proof jury instruction was erroneous and caused reversible error. According to Griffin, the trial court committed reversible error by overruling his objection to the instruction that defined reasonable doubt "by means of stating what reasonable doubt was not."

4

Griffin's challenge is to the following instruction:

It is not required that the prosecution prove guilt beyond all possible doubt; it is required that the prosecution's proof excludes all "reasonable doubt" concerning the defendant's guilt.

As defense counsel acknowledged at trial, we have recently addressed this question and concluded that the inclusion of such an instruction is not an abuse of discretion. *See Jones v. State*, No. 03-08-00126-CR, 2008 Tex. App. LEXIS 6029, at *4-14 (Tex. App.—Austin Aug. 6, 2008, no pet.) (mem. op., not designated for publication) (citing *Woods v. State*, 152 S.W.3d 105 (Tex. Crim. App. 2004)).

In addition, here, as in *Jones*, even if we could conclude that the instruction was an abuse of discretion, Griffin has shown no harm. *See Abdnor v. State*, 871 S.W.2d 726, 732 (Tex. Crim. App. 1994) (reversible error exists only if error is calculated to injure accused's rights). At trial, defense counsel merely objected to the inclusion of the instruction, giving no explanation as to how the instruction was harmful to Griffin.[1] Here, Griffin argues that it is "fundamentally

---

[1] Defense counsel:

Your Honor, I will just to give the appellate court something to have fun with, I will object to the second to last page of the instructions begins with "authority" is the first word on that page.

. . .

We'll object to including that is in effect giving a definition of reasonable doubt. I will admit to the Court that the case law is against me. The Third Court of Appeals has ruled on this issue even recently in a case that I took up on appeal and the law—the case law is dead set against it. So I will advise the Court that as far as the

unfair to remove all portions of the *Geesa* definition of reasonable doubt which would benefit a defendant while leaving only the portion that benefits the State." Even if we were to accept the premise that the instruction is "fundamentally unfair," Griffin does not, either here or in the trial court, meet his burden of proving how he was harmed by the inclusion of the instruction. *See id.* (burden is on accused to show charge error calculated to injure his rights). Accordingly, we overrule Griffin's third point of error.

Having overruled Griffin's points of error, we affirm the judgment of conviction.

_____

G. Alan Waldrop, Justice

Before Justices Patterson, Waldrop and Henson

Affirmed

Filed:   July 3, 2009

Do Not Publish

_____

Third Court is concerned, and possibly even the Court of Criminal
Appeals, I'm dead wrong on this issue but for purposes of the record,
I'll object to its inclusion.

6