# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-05-00086-CR

**Naveed Shams, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 390TH JUDICIAL DISTRICT
### NO. 2032663, HONORABLE JULIE H. KOCUREK, JUDGE PRESIDING

### O P I N I O N

A jury found appellant Naveed Shams guilty of criminal solicitation of a minor and assessed punishment at thirteen years' imprisonment. *See* Tex. Pen. Code Ann. § 15.031 (West 2003). Shams contends that the State failed to prove that he believed the person solicited was under seventeen years of age. We will affirm the conviction.

Shams challenges both the legal and factual sufficiency of the evidence. Under both standards of review, the question presented is whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 324 (1979) (legal sufficiency); *Griffin v. State*, 614 S.W.2d 155, 158-59 (Tex. Crim. App. 1981) (legal sufficiency); *Zuniga v. State*, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004) (factual sufficiency). In a legal sufficiency review, all the evidence is reviewed in the light most favorable to the verdict;

it is assumed that the trier of fact resolved conflicts in the testimony, weighed the evidence, and drew reasonable inferences in a manner that supports the verdict. *Griffin*, 614 S.W.2d at 159 (citing *Jackson*, 443 U.S. at 318-19). In a factual sufficiency review, all the evidence is considered equally, including the testimony of defense witnesses and the existence of alternative hypotheses. *Orona v. State*, 836 S.W.2d 319, 321 (Tex. App.—Austin 1992, no pet.). Due deference must be accorded the fact finder's determinations, particularly those concerning the weight and credibility of the evidence, but the reviewing court may disagree with the result in order to prevent a manifest injustice. *Johnson v. State*, 23 S.W.3d 1, 9 (Tex. Crim. App. 2000). The evidence will be deemed factually insufficient to sustain the conviction if the proof of guilt is too weak or the contrary evidence is too strong to support a finding of guilt beyond a reasonable doubt. *Zuniga*, 144 S.W.3d at 484-85; *see Johnson*, 23 S.W.3d at 11.

David Torsiello, a cyber crimes investigator for the Texas Attorney General, testified that on June 9, 2003, he logged into an internet chat room under the screen name "Amy512817" (hereafter "Amy"). At that time, he created a profile for "Amy" that gave her age as eighteen, occupation as student, marital status as single, and location as Texas. Under the heading "latest news," Torsiello wrote, "Really 13. I had to put 18." Torsiello explained that it is common for teenagers to "put an older age than they really are" in their profiles.

About thirty minutes after he logged on, "Amy" received an instant message from someone with the screen name "maninaustin2003." There is no dispute that "maninaustin2003" was Shams, and we will use his real name hereafter. Shams began the online conversation by graphically describing a sex act he would like to perform with "Amy." After a few exchanges with "Amy,"

2

Shams asked, "what is ur body like?"[1] "Amy" answered, "I stay in shape. . im only 13 so im in good shape." After Shams provided a description of himself, he and "Amy" began to discuss various sex acts and the extent of "Amy's" sexual experience. "Amy" explained that she was inexperienced, but said she was interested in meeting Shams for sex. They discussed where and when a meeting could take place, but the chat session ended without any firm plans being made.

Torsiello next logged on as "Amy" on June 23, 2003. Once again, Shams contacted "Amy" by instant messaging. The conversation quickly turned to sex, with Shams describing how he and "Amy" could perform oral sex with each other. "Amy" asked, "would u take it real slow and ez with me . . cuz I havnet." Shams said he would and asked "Amy" her age. When she replied, "u don't remember??" he answered, "18 I think???" "Amy" responded, "im13." Later in the conversation, Shams told "Amy" that he was twenty-seven. She replied, "well u no im 13 . . ." and then added, "is that ok." Shams said, "that is fine with me." Shams gave "Amy" a link to a photograph he said was him. The photograph was of a man wearing only briefs and with a visible erection. "Amy," in turn, gave Shams a link to a photograph of a fully clothed thirteen-year-old girl, who was the daughter of one of Torsiello's colleagues. Shams told "Amy" she was pretty and said, "I wish I could lick your pussy today." "Amy" told Shams that her eighteen-year-old sister would be able to give her a ride to a nearby grocery store on the following Wednesday, with "Amy" using the excuse that she was meeting friends. The meeting was arranged, but Shams did not keep the appointment.

---

[1] The record contains archived transcripts of the internet conversations. We quote them using the original spelling and punctuation.

"Amy" returned to the chat room on July 10, 2003. When contacted by Shams, "Amy" complained that he had been lying to her about his picture and meeting her. Shams assured "Amy" that he was "a good looking guy" and said he "would love to pleasure ur pussy and ass." They agreed to meet that afternoon at some softball fields. "Amy" told Shams what she would be wearing, and Shams described his car and clothing. "Amy" told Shams that the other members of her family were out of town and that they could return to her house. She told Shams to bring condoms. Shams asked, "do u want me to fuck u also?" "Amy" replied, "well I thot u wanted to," then asked, "have u been with a young 1 like me b4." When Shams said he had not, "Amy" asked him, "well u really don't mind that im only 13 . . . really." Shams answered, "nope." Shams told "Amy" that he wanted her to "suck my cock." "Amy" said she would if Shams would promise to "be e z with me."

As arranged, Shams drove to the softball fields that afternoon. He was arrested by waiting officers. He told them that he had come to the fields to play cricket.

Shams testified that he routinely used internet chat rooms to engage in fantasy cyber sex. He said that he had chatted in this way with at least one thousand individuals who he believed were adult women, adding that he had never knowingly chatted with a minor. Shams testified that he had had face-to-face meetings with about fifteen women he met on the internet and that most of those meetings had resulted in sexual activity.

Shams admitted having the online conversations with "Amy," but he insisted that he had relied on her profile stating that she was eighteen years old. He said that he had assumed that "Amy" was an adult woman who was pretending to be a young girl, and therefore he did not believe her when she said that she was only thirteen. According to Shams, he did not believe that the

4

photograph of the thirteen-year-old girl was in fact "Amy." He testified that he had expected to meet an adult woman on the afternoon of July 10, and that he would have left had the person proved to be a minor.

A psychiatrist and a psychologist also testified for the defense. Both were of the opinion, based on their testing and interviews, that Shams was not an "internet traveler," that is, a person who uses the internet to target minors he can meet for sex.

Shams argues that the State failed to contradict his testimony that he believed that "Amy" was a role-playing adult woman, and he points to Torsiello's acknowledgment during cross-examination that persons in internet chat rooms usually do not use their real names, ages, or even genders. But the jury, as trier of fact, was free to discount Shams's testimony in light of the evidence that "Amy" repeatedly told him that she was only thirteen. Applying the appropriate standards of review, we hold that a rational trier of fact could find beyond a reasonable doubt that Shams believed that the person he solicited was younger than seventeen. Because Shams does not otherwise challenge the sufficiency of the evidence, his points of error are overruled.

The judgment of conviction is affirmed.

_____

Bea Ann Smith, Justice

Before Justices B. A. Smith, Patterson and Puryear

Affirmed

Filed:   June 2, 2006

~~Do Not Publish~~  Released for publication July 21, 2006.  Tex. R. App. P. 47.3(c).

5