# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00189-CR

**Abraham Alberto Vizcarra, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
NO. 60659, HONORABLE FANCY H. JEZEK, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

A jury convicted Abraham Alberto Vizcarra of the offense of sexual assault. *See* Tex. Penal Code Ann. § 22.011 (West Supp. 2008). Punishment was assessed at eight years' imprisonment. In four issues on appeal, Vizcarra contests the district court's denial of a challenge for cause during jury selection, claims that the district court abused its discretion in admitting and excluding certain testimony, and asserts that the district court erred in denying his motion for directed verdict. We will affirm the judgment.

## BACKGROUND

We will discuss the underlying facts of this case to the extent they are necessary to our disposition of Vizcarra's appeal. The jury heard evidence that, on the night of December 10, 2006, Vizcarra had sexual intercourse with K.F., his sixteen-year-old niece. K.F. testified that Vizcarra entered her room, got into bed with her, and "had sex" with her. When asked if she was talking

about sexual intercourse, K.F. testified, "Yes." After Vizcarra left her room, K.F. recounted, she went into the computer room at her house and sent an instant message to Fernando Lasso, a family friend, telling him what Vizcarra had done to her. When asked what she told Lasso in the message, K.F. testified, "I said that [Vizcarra] had raped me." That night, K.F. also reported the incident to her mother, Patricia Foley, and her other uncle, Alvaro Vizcarra. The jury heard testimony from Foley, Alvaro, and Lasso about what K.F. had reported to them and about their recollections of what happened that night.

The jury also heard evidence from Detective Noreen Elizabeth Faes of the Killeen Police Department Youth Services Unit, who took K.F.'s statement during the police investigation. Detective Faes testified that K.F. told her that Vizcarra "had sex with her." Faes also testified that she made K.F. "specify what he did to her" and that K.F. did so. However, Faes did not testify to what, specifically, K.F. told her. Over objection by defense counsel, Faes further testified that, in her discussions with K.F., she believed her to be truthful.

The jury convicted Vizcarro of sexual assault, and he was sentenced to eight years' imprisonment. This appeal followed.

**ANALYSIS**

**Challenge for cause**

In his first issue, Vizcarra asserts that the district court abused its discretion in denying one of his challenges for cause during jury selection.

"A challenge for cause is an objection made to a particular juror, alleging some fact which renders the juror incapable or unfit to serve on the jury." Tex. Code Crim. Proc. Ann. art.

2

35.16(a) (West 2006). A prospective juror may be challenged for cause if he has a bias or prejudice against any of the law applicable to the case upon which the defense is entitled to rely. *Id*. art. 35.16(c)(2). "The test is whether the bias or prejudice would substantially impair the prospective juror's ability to carry out his oath and instructions in accordance with law." *Feldman v. State*, 71 S.W.3d 738, 744 (Tex. Crim. App. 2002). Before a prospective juror can be excused for cause on this basis, however, the law must be explained to him and he must be asked whether he can follow that law regardless of his personal views. *Jones v. State*, 982 S.W.2d 386, 390 (Tex. Crim. App. 1998). "The proponent of a challenge for cause has the burden of establishing his challenge is proper." *Feldman*, 71 S.W.3d at 747. The proponent does not meet his burden until he has shown that the venireperson understood the requirement of the law and could not overcome her prejudice well enough to follow it. *Id*.

We review a trial court's ruling on a challenge for cause with "considerable deference" because the trial court is in the best position to evaluate the venireperson's demeanor and responses. *Russeau v. State*, 171 S.W.3d 871, 879 (Tex. Crim. App. 2005); *Blue v. State*, 125 S.W.3d 491, 497 (Tex. Crim. App. 2003). We will reverse a trial court's ruling on a challenge for cause "only if a clear abuse of discretion is evident." *Blue*, 125 S.W.3d at 497. "We review the trial court's decision in light of the venireperson's voir dire as a whole. When the record does not contain a clearly objectionable declaration by the venireperson, or the record demonstrates a vacillating or equivocal venireperson, we accord great deference to the trial judge who had the better opportunity to see and hear the person." *Swearingen v. State*, 101 S.W.3d 89, 99 (Tex. Crim. App. 2003). "The trial court is able to consider important factors such as demeanor

3

and tone of voice that do not come through when reviewing a cold record." *Banda v. State*, 890 S.W.2d 42, 54 (Tex. Crim. App. 1994); *Bell v. State*, 233 S.W.3d 583, 591 (Tex. App.—Waco 2007, pet. ref'd). In reviewing a trial court's ruling on a challenge for cause, we review the totality of the voir dire testimony to determine whether it supports the trial court's finding with respect to whether the prospective juror is able to follow the law as instructed. *See King v. State*, 29 S.W.3d 556, 568 (Tex. Crim. App. 2000); *Murphy v. State*, 229 S.W.3d 334, 339 (Tex App.—Amarillo 2006, pet. ref'd).

Defense counsel elicited the following testimony from prospective juror "No. 22":

[Defense counsel]: [Venireperson], you indicated that—I think, that you needed to kind of approach and let us know some things outside of everyone's hearing.

[Venireperson]: Well, yes, my hesitation is because my daughter was sexually assaulted in college. And the man was not caught and never prosecuted, to my knowledge. And I'm not saying I couldn't do it, but I don't know the circumstances and I can, in my mind, think of some certain words that might set me off, just to be very honest with you. You know, that might make me more biased than I would have been otherwise.

[Defense counsel]: Do you feel that affects your ability to judge this case on the evidence in this case?

[Venireperson]: I don't know, to tell you the truth, I don't know. That's why I brought it to your attention.

[Defense counsel]: Yes, ma'am.

[Venireperson]: I don't—in most cases I can be very fair. But I'm not positive.

[Defense counsel]: You understand that at the point of selecting a jury, that it is not proper for us to lay out all the evidence at this time.

4

| | |
|---|---|
| [Venireperson]: | Sure, sure. Oh, yes, I do. I'm not asking that. I'm just telling you this is my thought on it. |
| [Defense counsel]: | But if you're not sure, how do we—how do we make that determination here without you having heard the evidence? |
| [Venireperson]: | I'm just informing you, that's—that's all I'm doing. |

Following this exchange, defense counsel challenged the venireperson for cause. Initially, the district court granted the challenge, but the State objected. After hearing argument, the district court reversed its decision and denied the challenge for cause.

On this record, we cannot conclude that the district court's denial of the challenge for cause constituted an abuse of discretion. The venireperson testified that, because her daughter was sexually assaulted in college, "certain words" "might set [her] off" and "make [her] more biased than [she] would have been otherwise." However, this testimony was never clarified or elaborated upon. Defense counsel did not explain the law to the venireperson and ask her whether she could follow the law regardless of her personal views. As the proponent of the challenge for cause, it was defense counsel's burden to establish that the challenge was proper, and the record supports the district court's finding that defense counsel did not satisfy this burden. Defense counsel did not elicit any testimony from the venireperson on whether her "bias or prejudice would substantially impair the prospective juror's ability to carry out [her] oath and instructions in accordance with law." *See Feldman*, 71 S.W.3d at 744. In fact, when asked if her personal experience affected her ability to judge the case based on the evidence, the venireperson testified, "I don't know, to tell you the truth, I don't know." She added, "[I]n most cases I can be very fair. But I'm not positive." Thus, the record reflects, at most, a vacillating or equivocal venireperson, and, on such a record, we must

5

defer to the district court's discretion. *See Blue*, 125 S.W.3d at 499; *see also Gonzalez v. State*, No. 08-06-00301-CR, 2008 Tex. App. LEXIS 2765 (Tex. App.—El Paso Apr. 17, 2008, no pet. h.) (not designated for publication) (in sexual assault case, finding no abuse of discretion in denying challenge for cause when prospective juror testified that her son had been similarly assaulted, but equivocated on issue of whether she could overcome her bias).

We overrule Vizcarra's first issue.

**Evidentiary issues**

In his second issue, Vizcarra asserts that the district court abused its discretion in allowing Detective Faes to testify in response to the following question by the prosecutor, "In your dealings with [K.F.], do you believe her to be a truthful person?" Detective Faes testified, "Yes." In his fourth issue, Vizcarra asserts that the district court abused its discretion in not allowing him to cross-examine K.F.'s mother about her knowledge of a prior sexual-assault allegation made by her daughter.

We review decisions to admit or exclude evidence under an abuse of discretion standard. *Shuffield v. State*, 189 S.W.3d 782, 793 (Tex. Crim. App. 2006). The trial court abuses its discretion only when the decision lies "outside the zone of reasonable disagreement." *Walters v. State*, 247 S.W.3d 204, 217 (Tex. Crim. App. 2007).

On this record, we cannot conclude that the district court abused its discretion in allowing Detective Faes to testify that she believed K.F. to be a "truthful person." The credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, subject to the following limitations: (1) the evidence may refer only to character for truthfulness or

6

untruthfulness; and (2) the evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise. Tex. R. Evid. 608(a). In this case, during the cross-examination of Alvaro Vizcarra, the brother of the defendant, defense counsel elicited the following testimony:

| | |
|---|---|
| [Defense counsel]: | Do you believe [K.F.]'s reputation is good for being truthful? |
| [Alvaro]: | No, it's not good for being truthful. Definitely not. |
| [Defense counsel]: | Do you personally have an opinion—your observation, not reputation, do you have an opinion about whether she is a truthful person? |
| [Alvaro]: | Yes, I do. |
| [Defense counsel]: | And what is your opinion about her truthfulness? |
| [Alvaro]: | She's not. |

It was only after this testimony, which directly attacked K.F.'s character for truthfulness, that the State asked Faes the following question, "In your dealings with [K.F.], do you believe her to be a truthful person?" Faes answered, "Yes." It was not "outside the zone of reasonable disagreement" for the district court to conclude that this was admissible character evidence pursuant to rule 608(a). *See Schutz v. State*, 957 S.W.2d 52, 72 (Tex. Crim. App. 1997) ("Although some minimal relevance is required, general evidence supporting truthful character as outlined by Rule 608(a) may be liberally employed to respond to attacks on truthful character: there need only be a 'loose fit' between the rebuttal evidence and the predicate attacks on character."). We overrule Vizcarra's second issue.

We also cannot conclude that the district court abused its discretion in limiting Vizcarra's cross-examination of K.F.'s mother, Patricia Foley. Outside the presence of the jury, defense counsel informed the district court that he wanted to cross-examine Ms. Foley about prior, allegedly false accusations of sexual abuse made by K.F. against her father in 1996. This testimony was relevant, Vizcarra contended, to the issue of the credibility of the victim's mother. Earlier in her testimony, Foley had explained that she delayed reporting K.F.'s allegations to the authorities for three days because she "did not know what to do." According to Vizcarra, Foley had created an impression with the jury that she was inexperienced in dealing with sexual assault allegations against family members, and the evidence of her response to prior abuse allegations would tend to rebut that testimony.

The trial court denied Vizcarra's request but allowed him to make a bill of exceptions outside the presence of the jury. During the hearing on the bill, Ms. Foley testified about the prior abuse allegations, which involved K.F.'s father, Foley's brother, and Foley's father. When the allegations were being investigated, Foley remembered the authorities telling her that "there was no proof of penetration," but "that it didn't mean [K.F.] wasn't improperly touched." Foley also testified that she was pressured by her mother to "stop" the allegations or her father would "go to jail." Foley denied telling anyone that the allegations were false. The district court also heard brief testimony from Foley's mother, Doris Vizcarra, who testified that she did not know whether the allegations were true or false. At the conclusion of the hearing, defense counsel renewed his request "to be allowed to explore those allegations." The district court again denied the request.

8

The Sixth Amendment guarantees an accused in a criminal prosecution the right to confront the witnesses against him. U.S. Const. amend. VI; *Davis v. Alaska*, 415 U.S. 308, 315 (1974). A primary interest secured by the Confrontation Clause is the right of cross-examination. *Davis*, 415 U.S. at 315; *Lopez v. State*, 18 S.W.3d 220, 222 (Tex. Crim. App. 2000); *Delamora v. State*, 128 S.W.3d 344, 364 (Tex. App.—Austin 2004, pet. ref'd). However, trial courts retain "wide latitude" and "broad discretion" to impose reasonable limits on cross-examination to avoid, among other things, harassment, prejudice, confusion of the issues, endangering the witness, and the injection of cumulative or collateral evidence. *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986); *Lopez*, 18 S.W.3d at 222; *Delamora*, 128 S.W.3d at 364. As the Supreme Court has observed, "The Confrontation Clause guarantees an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." *Van Arsdall*, 475 U.S. at 679.

Here, Vizcarra sought to question Ms. Foley about her conduct during the investigation of her daughter's previous allegations of sexual abuse, in order to attack Foley's credibility. "Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness's credibility, other than conviction of crime as provided in Rule 609, may not be inquired into on cross-examination of the witness nor proved by extrinsic evidence." Tex. R. Evid. 608(b). However, the Confrontation Clause may occasionally require the admission of evidence that the Rules of Evidence would exclude. *Lopez*, 18 S.W.3d at 225. When determining if otherwise inadmissible evidence should be admitted under the Confrontation Clause, "the trial court must balance the probative value of the testimony against the risk its

9

admission entails." *Id*. at 222. In a sexual-assault case, for evidence of extraneous allegations to be admissible, "there must be a showing that the accusations were false." *Garcia v. State*, 228 S.W.3d 703, 706 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd).

In this case, the record supports the district court's finding that no such showing was made. Ms. Foley denied telling anyone that the prior accusations made by her daughter were false, and Foley's mother, Doris Vizcarra, testified that she did not know whether the allegations were true or false. Foley also testified that she was pressured by her mother to "stop" the allegations or her father would "go to jail." Additionally, Foley testified that she remembered the authorities telling her that, although "there was no proof of penetration," this "didn't mean [K.F.] wasn't improperly touched." The record supports a finding by the district court that the probative value of the evidence was low. *See id*.; *see also Lopez*, 18 S.W.3d at 225-26 (finding that decision not to pursue abuse allegations "could simply indicate a lack of evidence to prove the allegation at that time, or an administrative decision that, despite the allegation's validity, the parties would best be served by closing the case."); *see also Lape v. State*, 893 S.W.2d 949, 955 (Tex. App.—Houston [14th Dist.] 1994, pet. ref'd) (upholding exclusion of prior accusations of sexual assault against third parties when appellant produced no evidence of falsity).

On the other hand, the record also supports the district court's finding that the risk entailed in admitting the evidence was high. The risk factors involved in admitting extraneous allegations of sexual abuse include prejudice, confusion of the issues, and the injection of cumulative or collateral evidence. *See Lopez*, 18 S.W.3d at 222. In this case, the central issue at trial was whether, on or about December 10, 2006, Vizcarra sexually assaulted K.F. The testimony Vizcarra

10

sought to elicit from the victim's mother concerned how she responded to her daughter's prior sexual abuse allegations—from more than ten years ago—against people other than the defendant. At most, this was a collateral issue that the district court could have found had a high risk of prejudicing the jury, confusing the issues, and distracting the jury from the central issue of whether Vizcarra committed the offense alleged. Thus, the district court did not abuse its discretion in refusing to allow the testimony. *See id.* at 224 ("The increased emotional level associated with sexual offenses is all the more reason to refuse to allow the jury to be additionally confused by collateral acts of misconduct by a witness.").

We overrule Vizcarra's fourth issue.

**Motion for directed verdict**

In his third issue, Vizcarra contends that the district court erred in denying his motion for a directed verdict. A complaint about the denial of a motion for directed verdict is in actuality an attack upon the sufficiency of evidence to sustain the conviction. *McDuff v. State*, 939 S.W.2d 607, 613 (Tex. Crim. App. 1997); *Hayden v. State*, 155 S.W.3d 640, 642 (Tex. App.—Eastland 2005, pet. ref'd). We thus review this issue under the same standard of review applicable to legal sufficiency challenges. *See McDuff*, 939 S.W.2d at 613.

When there is a challenge to the legal sufficiency of the evidence to sustain a criminal conviction, we consider whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Vodochodsky v. State*, 158 S.W.3d 502, 509 (Tex. Crim. App. 2005). We review all the evidence in the light most favorable to the verdict and assume that the trier of fact resolved conflicts in the testimony, weighed the evidence, and drew

11

reasonable inferences in a manner that supports the verdict. *See Rollerson v. State*, 227 S.W.3d 718, 724 (Tex. Crim. App. 2007); *Shams v. State*, 195 S.W.3d 346, 347 (Tex. App.—Austin 2006, pet. ref'd) (citing *Griffin v. State*, 614 S.W.2d 155, 159 (Tex. Crim. App. 1981)). It is not necessary that every fact point directly and independently to the defendant's guilt, but it is enough if the conclusion is warranted by the combined and cumulative force of all the incriminating circumstances. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

A person commits the offense of sexual assault if he intentionally or knowingly causes the penetration of the sexual organ of another person by any means, without that person's consent. *See* Tex. Penal Code Ann. § 22.011(a)(1)(A). Vizcarra asserts that, in this case, "there is no evidence in the record upon which the jury could have found the element of penetration."

We disagree. This element of the offense is satisfied by proof of any penetration, no matter how slight. *Cowan v. State*, 562 S.W.2d 236, 238 (Tex. Crim. App. 1978); *Murphy v. State*, 4 S.W.3d 926, 929 (Tex. App.—Waco 1999, pet. ref'd). Penetration may be proved by circumstantial evidence. *Nilsson v. State*, 477 S.W.2d 592, 595 (Tex. Crim. App. 1972). Contact with the female sexual organ in a manner a reasonable person would consider more intrusive than contact with the outer vaginal lips constitutes penetration. *Vernon v. State*, 841 S.W.2d 407, 409 (Tex. Crim. App. 1992).

In this case, the victim testified that Vizcarra "had sex with her." When asked if she was talking about sexual intercourse, K.F. testified, "Yes." Additionally, K.F. testified that she told a family friend that Vizcarra "raped me." Viewing this and other evidence in the light most

12

favorable to the verdict, we conclude that a rational jury could reasonably infer that Vizcarra penetrated K.F.'s sexual organ with his sexual organ. *See Watson v. State*, 548 S.W.2d 676, 679 (Tex. Crim. App. 1977) (holding that victim's testimony that defendant had "sexual intercourse" with her was sufficient evidence of penetration); *Clay v. State*, 518 S.W.2d 550, 552 (Tex. Crim. App. 1975) (holding that victim's testimony that defendant "raped me" was sufficient evidence of penetration); *see also Smith v. State*, 60 S.W.3d 885, 890 (Tex. App.—Amarillo 2001, no pet.) ("One can reasonably infer that to have sex, there is penetration of the female sex organ.").

We overrule Vizcarra's third issue.

## CONCLUSION

We affirm the judgment of the district court.

_____

Bob Pemberton, Justice

Before Chief Justice Law, Justices Pemberton and Waldrop

Affirmed

Filed:   August 28, 2008

Do Not Publish