# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00489-CR

**John Paul Myers, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF LLANO COUNTY, 33RD JUDICIAL DISTRICT
### NO. 5753, HONORABLE DANIEL H. MILLS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant John Paul Myers of three counts of possession and manufacture of methamphetamine. *See* Tex. Health & Safety Code Ann. §§ 481.112(a), .115(a) (West 2003). He was sentenced to serve thirty years in prison. In two issues, Myers contends that the evidence was legally and factually insufficient to support a finding of guilt. We affirm the district court's judgment.

In 2005, the 33rd Judicial Narcotic Enforcement Team (NET) began investigating Myers for possible narcotics activity. On April 1, 2005, the NET executed a search warrant at Myers's residence. Evidence was removed from Myers's residence and sent to the Texas Department of Public Safety Crime Lab for chemical analysis, where it was determined that at least one of the samples seized contained more than 470 grams of methamphetamine, including adulterants and dilutants. Myers's written statement confirmed that the seized materials belonged

to him. In a three-count indictment, Myers was charged with possessing and manufacturing methamphetamine. A jury found Myers guilty on all three counts, and Myers was sentenced to ten, twenty, and thirty years in prison for counts one, two, and three, respectively, all to run concurrently. Myers appeals, challenging the legal and factual sufficiency of the evidence to support the jury's verdict.

In a legal sufficiency review, we consider whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Vodochodsky v. State*, 158 S.W.3d 502, 509 (Tex. Crim. App. 2005). We review all the evidence in the light most favorable to the verdict and assume that the trier of fact resolved conflicts in the testimony, weighed the evidence, and drew reasonable inferences in a manner that supports the verdict. *See Rollerson v. State*, 227 S.W.3d 718, 724 (Tex. Crim. App. 2007); *Shams v. State*, 195 S.W.3d 346, 347 (Tex. App.—Austin 2006, pet. ref'd) (citing *Griffin v. State*, 614 S.W.2d 155, 159 (Tex. Crim. App. 1981)).

In a factual sufficiency review, the evidence is reviewed in a neutral light. *Roberts v. State*, 220 S.W.3d 521, 524 (Tex. Crim. App. 2007). Evidence is factually insufficient (1) when the evidence supporting the verdict is so weak that the verdict seems clearly wrong and manifestly unjust, and (2) when the supporting evidence is outweighed by the great weight and preponderance of the contrary evidence so as to render the verdict clearly wrong and manifestly unjust. *Id.* An appellate court must be appropriately deferential to the jury's verdict, in order to avoid substituting its own judgment for that of the fact-finder. *Vasquez v. State*, 67 S.W.3d 229, 236 (Tex. Crim. App.

2002). We may not re-weigh the evidence and substitute our judgment for that of the fact-finder. *King v. State*, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000).

The jury found, as alleged in the indictment, that Myers possessed more than 400 grams of methamphetamine. Although Myers does not dispute that methamphetamine was present in certain substances seized from his home, he does challenge the sufficiency of the evidence to support the jury's finding that at least one of the samples weighed more than 400 grams.

The term "controlled substance" describes various substances, including methamphetamine, and includes "the aggregate weight of any mixture, solution, or other substance containing a controlled substance." Tex. Health & Safety Code Ann. § 481.002(5) (West Supp. 2008), § 481.102(6) (West 2003). An adulterant or dilutant is "any material that increases the bulk or quantity of a controlled substance, regardless of its effect on the chemical activity of the controlled substance." *Id.* § 481.002(49).

The Texas Court of Criminal Appeals has interpreted the legislature's definition of "adulterant or dilutant" to include any substance that is added to the controlled substance at any time:

> The literal meaning of the legislature's adulterant and dilutant definition is that any substance that is added to or mixed with a controlled substance, regardless of when, how, or why that substance was added, may be added to the aggregate weight of the controlled substance as an adulterant or dilutant.

*Seals v. State*, 187 S.W.3d 417, 420 (Tex. Crim. App. 2005).

Here, the record evidence includes the testimony of DPS chemist Joel Budge, who tested the substances seized from Myers's home. Budge testified that he tested the top layer of one

3

of the samples and that the portion he tested contained methamphetamine and had an aggregate weight of 470 grams.

Myers does not dispute the presence of methamphetamine in the sample, but argues there is insufficient evidence of its weight. According to Myers, "Budge testified as to the total weights he tested from the liquids which were leftovers from the chemical synthesis and not part of any finished product." Citing *Cawthon v. State*, 849 S.W.2d 346 (Tex. Crim. App. 1992), Myers argues that, because the weight of the tested substance was not properly calculated, there was no evidence to show that he manufactured or possessed methamphetamine in the amount alleged in the indictment and submitted to the jury.

The definition of "adulterant or dilutant" set out in *Cawthon* and advanced by Myers was superceded by the legislature's later addition of an express definition for those terms. *See* Tex. Health & Safety Code Ann. § 481.002(49); *Seals*, 187 S.W.3d at 420. The applicable definition of the term allows for the inclusion of "any substance . . . , regardless of when, how, or why that substance was added" to the aggregate weight of the controlled substance. Tex. Health & Safety Code Ann. § 481.002(49); *Seals*, 187 S.W.3d at 420. Consequently, under the applicable definition of the terms, whether the substance tested was a "finished product" or not, as Myers contends, is irrelevant to our inquiry. The record evidence is both legally and factually sufficient to support the jury's finding that Myers was in possession of 400 grams or more of methamphetamine, as alleged in the indictment. *See Roberts*, 220 S.W.3d at 524; *Vodochodsky*, 158 S.W.3d at 509.

4

Myers's points of error are overruled, and the judgment of conviction is affirmed.

_____

G. Alan Waldrop, Justice

Before Justices Patterson, Waldrop and Henson

Affirmed

Filed:   February 27, 2009

Do Not Publish