# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00581-CR

**Harry Rutledge, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT
### NO. D-1-DC-07-203070, HONORABLE BOB PERKINS, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

A jury convicted appellant Harry Rutledge of the offense of delivery of a controlled substance. *See* Tex. Health & Safety Code Ann. § 481.112(a), (b) (West 2003). He pleaded true to four enhancement paragraphs in the indictment and was sentenced to serve sixteen years in prison. Rutledge contends that the district court erred in admitting hearsay evidence and that the evidence was legally and factually insufficient to support the verdict. We affirm the district court's judgment.

On May 29, 2007, Rutledge was arrested in a "buy-bust" operation. An Austin police officer, working undercover, approached a group of men at a bus stop and nodded to indicate that he was "interested in something." Rutledge approached. The officer asked Rutledge if he "had some work," a phrase that, according to the officer, is used to ask whether someone has crack cocaine. Rutledge got into the officer's vehicle. The officer told Rutledge that he "had 30," which, according to the officer, means that he wanted to buy $30 worth of crack cocaine. The officer continued

driving through an alley.  While the officer was still driving, Rutledge placed two crack cocaine rocks on the center console between the driver and passenger seat.  At Rutledge's direction, the officer drove into a motel parking lot and around the back of the motel.  Once they had stopped, the officer attempted to give Rutledge $30 of marked money, but Rutledge refused.  Rutledge then asked if he could borrow $30.  The officer told Rutledge that he could "have" the money and gave it to Rutledge.  After the transaction, the officer gave the prerecorded "bust" signal and, moments later, the takedown unit came in and made the arrest.

After the arrest, the officer placed the two crack cocaine rocks into a small plastic bag, completed a chain-of-custody sheet, including his name, employee number, date, and time, and transferred the bag of crack cocaine to a detective for testing.  According to the test results, the crack cocaine seized in the transaction weighed a total of .22 grams.

Rutledge was indicted for delivery of a controlled substance.  The indictment included enhancement paragraphs for four previous drug convictions.  A jury convicted Rutledge as charged. After conviction, Rutledge waived jury sentencing.  He pleaded true to the four enhancement paragraphs, and the district court sentenced him to sixteen years in prison.  Rutledge appeals, arguing that the district court erred in admitting hearsay evidence over his objection and that the evidence was legally and factually insufficient to support the verdict.

In his first point of error, Rutledge complains of the admission of the testimony of Gloria Rodriguez, a chemist with the Austin Police Department, relating to her identification of the State's exhibit containing the crack cocaine.  According to Rutledge, Rodriguez's testimony that linked Rutledge to the crack cocaine evidence was inadmissible hearsay.  The State responds

2

that—even if Rodriguez's statement was hearsay—any potential error was waived when the same evidence was admitted without objection through other testimony and exhibits. As a corollary, the State also argues that because the evidence was admitted through other means, even if Rodriguez's testimony was erroneously admitted, the error was harmless.

The evidence in question included the following testimony:

Q. And you're handing me the evidence you brought with you today; is that correct?

A. That's correct.

Q. And what's on the front of this?

A. That is the chain of custody that is used by our police agency.

Q. And this number on the top right here, what is that number?

A. That is the unique offense number that is generated for each case in the City of Austin. In this particular case it's offense number 2007 for the year and then 6900330 indicates to me that it's a narcotics case.

Q. And these names and dates right here, what do they signify?

A. That is every person who's personally come in contact with the evidence. It's required by our general orders to sign the chain of custody on the date and time that they received it.

Q. Okay.

State: At this time I would like to ask that this be marked as State's Exhibit No. 2.

Q. Inside the bag with the identifying number and the chain of custody on it, what is inside of the bag?

A. Inside State's Exhibit No. 2 contains a small Ziploc bag which contains two off white rock like substances and my initials GR and my employee number

3

2320 is present along with the unique laboratory case number that is assigned by the laboratory to the APD offense number in this case. It reflects laboratory offense number L0707033.

Q. Okay. Through that chain of custody and those identifying numbers where - what is the defendant's name that that crack cocaine was taken - the offense that that crack cocaine was recovered from?

A. According to the police information system called Versidex the name that is attached to State's Exhibit No. 2 -

Defense counsel: Objection, hearsay.

Court: Any response to this objection?

State: It's part of her job to make sure that she's testing the right drugs for the right case. It makes sense that she would look it up to verify that.

Court: Anything else? Any -

Defense counsel: I'll rest on that objection.

Court: I'll overrule the objection.

Q. What is the name of the person?

A. The name that was written on the submission form and that [] was verified against the police information system was for Harry Rutledge.

Q. And when you were testifying about all those tests that you did that - those two crack cocaine rocks were the particular rocks that you tested in this case; is that correct?

A. Yes ma'am.

The admission of evidence—even if erroneous—is not reversible error where the evidence is cumulative of other evidence in the record admitted without objection. *See, e.g.*, *Hitt v. State*, 53 S.W.3d 697, 708 (Tex. App.—Austin 2001, pet. ref'd) (citing *Anderson v. State*,

717 S.W.2d 622, 626-27 (Tex. Crim. App. 1986)). Here, the fact admitted into the record through Rodriguez's testimony was that the identifying numbers attached to the exhibit containing the seized crack cocaine corresponded to Rutledge. The same fact came into evidence a number of other times throughout trial without objection. State's Exhibit 3, the "Forensic Chemistry Initial Report," also links Rutledge to the crack cocaine and was admitted without objection. The Report identifies Rutledge as the suspect and includes his date of birth, the offense number, the laboratory number, and the Versidex number. In addition, another Austin police officer, who was monitoring the buy-bust operation on May 29, 2007, identified an audio tape, admitted as State's Exhibit 1, on which he had recorded the conversation between the officer working undercover and Rutledge. The monitoring officer testified that he heard Rutledge make the transaction for the crack cocaine. The monitoring officer also told the jury that, after he made the recording, he wrote the case number on the cassette. In the course of his testimony, the monitoring officer linked Rutledge to the offense number attached to the crack cocaine by identifying Rutledge in open court as the person he had seen getting into and being arrested outside of the undercover officer's car on May 29. The offense number on the audio tape is identical to the offense number attached to the exhibit containing the crack cocaine. In addition to State's Exhibit 3 and the monitoring officer's testimony, to which defense counsel did not object, State's Exhibit 2—the crack cocaine and the attached chain-of-custody documentation—was admitted into evidence without objection as to authentication.[1] The substance of the complained-of testimony came into evidence a number of times without objection.

---

[1] Defense counsel objected to the admission of this exhibit as to relevance only.

Consequently, admission of the testimony at issue—even if erroneous—is not reversible error. Accordingly, we overrule Rutledge's first point of error.

In his second and third points of error, Rutledge challenges the legal and factual sufficiency of the evidence to support the jury's verdict. According to Rutledge, the only evidence of the beginning on the chain of custody of the crack cocaine was the testimony of Rodriguez, to which defense counsel objected as hearsay. The State again responds that, even if Rodriguez's testimony was hearsay, other evidence admitted without objection establishes that the crack cocaine in State's Exhibit 2 was the same crack cocaine seized from Rutledge.

In a legal-sufficiency review, we consider whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Vodochodsky v. State*, 158 S.W.3d 502, 509 (Tex. Crim. App. 2005). We review all the evidence in the light most favorable to the verdict and assume that the trier of fact resolved conflicts in the testimony, weighed the evidence, and drew reasonable inferences in a manner that supports the verdict. *See Rollerson v. State*, 227 S.W.3d 718, 724 (Tex. Crim. App. 2007); *Shams v. State*, 195 S.W.3d 346, 347 (Tex. App.—Austin 2006, pet. ref'd) (citing *Griffin v. State*, 614 S.W.2d 155, 159 (Tex. Crim. App. 1981)).

In a factual-sufficiency review, the evidence is reviewed in a neutral light. *Roberts v. State*, 220 S.W.3d 521, 524 (Tex. Crim. App. 2007). Evidence is factually insufficient (1) when the evidence supporting the verdict is so weak that the verdict seems clearly wrong and manifestly unjust; and (2) when the supporting evidence is outweighed by the great weight and preponderance of the contrary evidence so as to render the verdict clearly wrong and manifestly unjust. *Id.* An

appellate court must be appropriately deferential to the jury's verdict, in order to avoid substituting its own judgment for that of the fact-finder. *Vasquez v. State*, 67 S.W.3d 229, 236 (Tex. Crim. App. 2002). We may not re-weigh the evidence and substitute our judgment for that of the fact-finder. *King v. State*, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000).

Rutledge challenges the sufficiency of the evidence to support a link between him and the crack cocaine. The record evidence includes State's Exhibit 3, the "Forensic Chemistry Initial Report," which identifies Rutledge as the suspect and includes his date of birth, the offense number, the laboratory number, and the Versidex number. The information included in the Report is identical to that found on the chain-of-custody sheet attached to the crack cocaine and admitted into evidence. In addition, the police officer who monitored the buy-bust operation identified Rutledge in open court and testified that he had written the offense number corresponding to Rutledge's case on an audio tape that was admitted into evidence as State's Exhibit 1. The offense number on the audio tape is identical to the offense number on the chain-of-custody sheet attached to the crack cocaine. As explained above, State's Exhibit 2 was also admitted into evidence without objection as to authentication.[2] State's Exhibit 2 includes the seized crack cocaine along with the chain-of-custody sheet, which indicates that the crack cocaine was seized from Rutledge. The officer working undercover also identified Rutledge in open court as the person with whom he had made the crack cocaine transaction. He testified that he took possession of the crack cocaine, placed it into a small plastic bag, completed and signed the chain-of-custody form, included his name, employee number, date, and time, and gave the bag to his detective for testing.

---

[2] Defense counsel objected to the admission of this exhibit as to relevance only.

Viewed in either a light favorable to the verdict or in a neutral light, the record evidence is sufficient to establish a link between the crack cocaine admitted into evidence at trial and Rutledge. *See Rollerson*, 227 S.W.3d at 724; *Roberts*, 220 S.W.3d at 524. Accordingly, we overrule Rutledge's second and third points of error.

Rutledge's points of error are overruled, and the judgment of conviction is affirmed.


_____

G. Alan Waldrop, Justice

Before Justices Patterson, Waldrop and Henson

Affirmed

Filed: April 9, 2009

Do Not Publish

8