# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00547-CR

**Darrell Wade Baldwin, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 390TH JUDICIAL DISTRICT
### NO. D-1-DC-06-202452, HONORABLE FRED A. MOORE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Darrell Wade Baldwin of the offense of injury to a disabled person, *see* Tex. Penal Code Ann. § 22.04 (West Supp. 2008), sentenced him to twenty years in prison, and assessed a $10,000 fine. Baldwin challenges the sufficiency of the evidence to support his conviction. We affirm the judgment of conviction.

Baldwin and Nakashia Maxwell were involved in a dating relationship. On May 9, 2006, Baldwin was driving a car in which Maxwell was a passenger. The couple began arguing, and Maxwell was thrown out of the vehicle. According to Maxwell, Baldwin pushed her out. Baldwin testified at trial that Maxwell, a paraplegic, slowly lowered herself to the ground on her own while the car was at a complete stop. On appeal, Baldwin suggests that Maxwell opened the door and simply fell out while the car was still moving. Both Baldwin and Maxwell agree, however,

that after Maxwell was on the ground, Baldwin drove off with Maxwell's wheelchair still in the trunk of his car.

On May 31, 2006, Baldwin was indicted for "intentionally or knowingly caus[ing] bodily injury to Nakashia Maxwell, a disabled individual, by striking or pushing her from a moving vehicle." The indictment included an enhancement paragraph noting two of Baldwin's prior felony convictions for possession and delivery of a controlled substance. Baldwin pled true to the enhancement paragraph.

In a single point of error, Baldwin challenges the sufficiency of the evidence to support his conviction. Specifically, Baldwin argues that there is insufficient evidence to show that he caused Maxwell bodily injury by pushing her out of the car.

In a legal-sufficiency review, we consider whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Vodochodsky v. State*, 158 S.W.3d 502, 509 (Tex. Crim. App. 2005). We review all the evidence in the light most favorable to the verdict and assume that the trier of fact resolved conflicts in the testimony, weighed the evidence, and drew reasonable inferences in a manner that supports the verdict. *See Rollerson v. State*, 227 S.W.3d 718, 724 (Tex. Crim. App. 2007); *Shams v. State*, 195 S.W.3d 346, 347 (Tex. App.—Austin 2006, pet. ref'd) (citing *Griffin v. State*, 614 S.W.2d 155, 159 (Tex. Crim. App. 1981)).

In a factual-sufficiency review, the evidence is reviewed in a neutral light. *Roberts v. State*, 220 S.W.3d 521, 524 (Tex. Crim. App. 2007). Evidence is factually insufficient (1) when the evidence supporting the verdict is so weak that the verdict seems clearly wrong and manifestly

unjust; and (2) when the supporting evidence is outweighed by the great weight and preponderance of the contrary evidence so as to render the verdict clearly wrong and manifestly unjust. *Id.* An appellate court must be appropriately deferential to the jury's verdict in order to avoid substituting its own judgment for that of the fact-finder. *Vasquez v. State*, 67 S.W.3d 229, 236 (Tex. Crim. App. 2002). We may not re-weigh the evidence and substitute our judgment for that of the fact-finder. *King v. State*, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000).

The penal code sets out the following elements for the offense of injury to a disabled person:

> (a) A person commits an offense if he intentionally, knowingly, recklessly, or with criminal negligence, by act or intentionally, knowingly, or recklessly by omission, causes to a child, elderly individual, or disabled individual:
>
> (1) serious bodily injury;
>
> (2) serious mental deficiency, impairment, or injury; or
>
> (3) bodily injury.

Tex. Penal Code Ann. § 22.04(a). A "disabled individual" is

> a person older than 14 years of age who by reason of age or physical or mental disease, defect, or injury is substantially unable to protect himself from harm or to provide food, shelter, or medical care for himself.

*Id.* § 22.04(c)(3).

Baldwin challenges only the finding that he was the cause of Maxwell's injury, not the finding that Maxwell is disabled or the finding that Maxwell was injured in the incident.

3

According to Baldwin, the evidence is insufficient to support the finding that he caused Maxwell bodily injury. He argues that the evidence could also support the finding that Maxwell simply fell out of the car.[1]

In support of his sufficiency argument, Baldwin argues that "guilt beyond a reasonable doubt has not been proved" because the State has not disproved other reasonable hypotheses suggested by the evidence. Baldwin relies on *Earhart v. State*, 823 S.W.2d 607 (Tex. Crim. App. 1991), *Denby v. State*, 654 S.W.2d 457 (Tex. Crim. App. 1983), and *Brandley v. State*, 691 S.W.2d 699 (Tex. Crim. App. 1985). The "reasonable hypothesis test" set out in these opinions, however, is now disfavored and has been replaced by the legal and factual sufficiency tests set out above. *See Laster v. State*, 275 S.W.3d 512, 520 (Tex. Crim. App. 2009); *Harris v. State*, 133 S.W.3d 760 (Tex. App.—Texarkana 2004, pet. ref'd).

Applying either a legal or factual sufficiency review, the evidence in the record is sufficient to support the conclusion that Baldwin caused injury to Maxwell. The record contains testimony of an eyewitness, Teresa Rodriguez, who testified that she "saw a woman come flying out of the passenger door" while the car was moving. Rodriguez testified that when she turned around

---

[1] At trial, Baldwin testified that, at Maxwell's request, he stopped the car and let her out, not that Maxwell fell out of the car.

> So I stopped the car, made a complete stop, Ms. Maxwell holding onto the dash, put herself out and sit on the ground. . . . And so when she got out, I wasn't going to leave her there. I was trying to make her understand that I don't have time to play with her, you know. I'm broke. I'm about to run out of gas. And so I took off. But I was just going to let her stay there for a little bit . . . [but] I didn't remember where she was because I'm not from here. . . . I couldn't find her.

4

and came back to see if Maxwell was "okay," Maxwell "was on the ground and there was a man over her like smashing her—like hitting her down like this." When Rodriguez returned after flagging down a car to call 911, "the man that had been over here [sic] was already in his car and he was leaving."

When asked to recount her version of the events, Maxwell testified that she and Baldwin got into an argument while Baldwin was driving. Maxwell told Baldwin that she wanted to get out and opened the door slightly. According to Maxwell, she "had [the door] just a little ajar, you know, just so he can slow down and get my wheelchair so I can go." At that point, according to Maxwell, Baldwin pushed her out of the car. He then stopped the car, went to where she was lying on the street and, when she refused to get back in the car, hit her across the head two times. After that, he got back in the car and drove off with her wheelchair still in the trunk.

In addition to the testimony of Rodriguez and Maxwell, there is no dispute that Maxwell is paraplegic, that her wheelchair was in the back of the car, that she needed help getting into the car, and that Baldwin drove off with the wheelchair while Maxwell was still lying on the ground. Baldwin's testimony as to the preceding events, however, contradicts that of Rodriguez and Maxwell. According to Baldwin, he stopped the car once Maxwell opened the door. He came around to close the door and got back in the car. Before he could begin driving again, Maxwell opened the door and slowly lowered herself to the ground. At this point, Baldwin agrees that he drove off, but testified that he was "just going to let her stay there for a little bit." However, explaining that he had not lived in Austin long, he testified that he could not find his way back.

5

Baldwin's testimony is inconsistent with other evidence presented. The jury was, therefore, justified in choosing not to believe him. *See King*, 29 S.W.3d at 564 ("Given the discrepancies between the evidence and appellant's statements, the jury reasonably could have found that appellant was not credible.").[2] Even viewing the evidence in a neutral light, a rational trier of fact could have found beyond a reasonable doubt that Baldwin caused Maxwell's injury. *See King*, 29 S.W.3d at 562. Accordingly, we overrule Baldwin's sole point of error.

Having overruled Baldwin's point of error, we affirm the judgment of conviction.

_____

G. Alan Waldrop, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed

Filed:  June 12, 2009

Do Not Publish

---

[2] Further, as noted, the story Baldwin suggests on appeal—that Maxwell simply fell out of the moving car—conflicts with his story at trial—that Baldwin slowly lowered herself from the stopped car.