**Alford Ray PARKER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–85–464–CR.**

Court of Appeals of Texas,
Houston (14th Dist.)

May 1, 1986.

Robert A. Shults, Houston, for appellant.

John B. Holmes, Jr., Harvey Hudson, Jonathan Munier, Houston, for appellee.

Before JUNELL, MURPHY and ELLIS, JJ.

## OPINION

JUNELL, Justice.

Alford Ray Parker appeals a conviction for forgery. After a jury trial, the court sentenced appellant to seven years imprisonment and a fine. In his two grounds of error, appellant contends the trial court erred in admitting into evidence statements he made prior to his arrest and testimony concerning extraneous offenses. We affirm.

On September 4, 1984, Houston Police Officer Sanchez was sitting in his patrol car eating lunch when he was approached by several employees of Systems Parking Company. They told him a man was attempting to cash some checks which had been stolen from their company several days previously. Officer Sanchez accompanied them to the Metro Check and Cash Service in McCory's Department Store at 501 Main. The Metro cashier handed him two checks which were payable to Systems Parking. The cashier told the officer that appellant, who was standing nearby, had attempted to cash the checks. Officer Sanchez approached appellant and asked him where he had gotten the checks. Appellant told the officer that his girlfriend gave him the checks. When asked his girlfriend's name appellant said "I don't know." Seeing the name "Alford Ray Parker" typed above the payee's name on one of the checks, the officer determined that the check had been altered. He then placed appellant under arrest and read him his Miranda warnings. The officer searched appellant and found another check payable to Systems Parking in appellant's jacket.

In his first ground of error appellant alleges the trial court improperly admitted statements he made to the officer prior to his arrest. Officer Sanchez testified that the first question he asked appellant was where he got the check. The officer stated that at that point he was simply interviewing appellant, that he was trying to determine the facts of the situation, and that his questioning of appellant was aimed at determining whether or not appellant was guilty of any wrongdoing. The officer stated that appellant was not under arrest at that time though he was not free to leave.

Appellant claims he was in custody during the questioning and his statements made before Officer Sanchez read him the Miranda warnings are inadmissible. We disagree. Appellant was not in custody until Officer Sanchez had probable cause to arrest him. The officer did not have probable cause to arrest until after he had heard appellant's explanation of where he got the checks and found such explanation implausible. No Miranda warnings need be given until a suspect is in custody. *Long v. State,* 681 S.W.2d 840 (Tex.App.—Houston [14th Dist.] 1984, pet. ref'd). The officer was justified in temporarily detaining appellant for the purpose of investigation. *Milton v. State,* 549 S.W.2d 190 (Tex.Crim. App.1977). Since appellant was not in custody during the detention, no Miranda warnings were required and the statements appellant made prior to his arrest were admissible. Appellant's first ground of error is overruled.

Appellant's second ground of error contends the trial court erred in admitting evidence of extraneous offenses because the state failed to show the offenses were material and relevant.

Appellant complains of testimony given by Officer Sanchez and by Michael Tedhams, the manager of Systems Parking

Company. Appellant argues Officer Sanchez's testimony that he found another check in appellant's jacket and that the checks had been stolen and Tedham's testimony concerning the theft of the checks constitute inadmissible extraneous offenses.

Appellant failed to preserve error. He did not object to Officer Sanchez's testimony until the officer had testified at some length. An objection must be made at the earliest opportunity. *Marini v. State,* 593 S.W.2d 709 (Tex.Crim.App.1980). He failed to object at trial to Tedham's testimony on the ground now urged. Failure to object leaves nothing for review. *Hannah v. State,* 624 S.W.2d 750 (Tex.App.—Houston [14th Dist.] 1981), *pet. ref'd,* 632 S.W.2d 151 (Tex.Crim.App.1982). Furthermore, the testimony concerning the extraneous offenses was admissible to show the context in which the criminal act of forgery occurred. *Maynard v. State,* 685 S.W.2d 60 (Tex.Crim.App.1985). Appellant's second of error is overruled.

We affirm the judgment.