

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 2-07-199-CR

ANTHONY OXFORD                                                    APPELLANT

V.

THE STATE OF TEXAS                                                       STATE

------------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. INTRODUCTION

Appellant Anthony Oxford was sentenced to twenty years' imprisonment for aggravated robbery. In a single point, Oxford claims that the trial court erred by admitting into evidence an audio recording of police questioning him. Specifically, Oxford claims that the police questioning violated article 38.22 of

---

[1] *See* Tex. R. App. P. 47.4.

the Texas Code of Criminal Procedure and that, consequently, the audio recording of the questioning was inadmissible. *See* Tex. Code Crim. Proc. Ann. art. 38.22 (Vernon 2005). We will affirm.

## II. BACKGROUND

Alejandra Olivos was in her car in a shopping mall parking lot when Oxford and another man approached her. The two men pointed a gun at Olivos, stole her purse, and then ran away. Two bystanders proceeded to chase down Oxford and the other man involved. One of the bystanders eventually caught Oxford behind a nearby restaurant and detained him until the police arrived.

When the police arrived, they placed Oxford in the backseat of a police car, but they did not handcuff him. The police car was equipped with a video camera that recorded sounds inside the car.[2] While in the car, Oxford told Officer Gerald Little that he witnessed the robbery, although he was not a participant. Officer Little asked Oxford questions about the robbery, which the video camera audibly recorded. The officer did not give Oxford the statutory warnings under article 38.22 before questioning him. Olivios arrived at the

_____

[2] The video portion of the recording remained focused on the front exterior of the car throughout the questioning.

2

scene and identified Oxford as one of the men who robbed her, and Oxford was arrested.

The State charged Oxford with the offense of aggravated robbery, to which he pleaded not guilty. During trial, the State offered into evidence the DVD from the video camera, which the trial court admitted over Oxford's objection. The jury found Oxford guilty, and the trial court sentenced him to twenty years' imprisonment.

### III. STANDARD OF REVIEW

A trial court's evidentiary rulings are reviewed on appeal under an abuse of discretion standard. *See Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g). A trial court abuses its discretion when its decision lies outside the zone of reasonable disagreement. *Casey v. State*, 215 S.W.3d 870, 879 (Tex. Crim. App. 2007). As long as the trial court's ruling falls within the zone of reasonable disagreement, we will affirm its decision. *Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003).

### IV. CUSTODIAL INTERROGATION

In his only point on appeal, Oxford argues that the police took him into custody when they placed him in the back of the police car and that, therefore, Officer Little's questioning constituted a custodial interrogation. Consequently, he argues that the police should have given him the specific warnings set forth

3

in article 38.22 of the code of criminal procedure before questioning him. *See* Tex. Code Crim. Proc. Ann. art. 38.22. Because he was not given those warnings, Oxford claims that the recording should have been excluded from evidence. The State argues that Oxford was not in custody or subject to interrogation during the recording.

The prosecution may not use statements, whether exculpatory or inculpatory, stemming from the custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the Fifth Amendment privilege against self-incrimination. *Miranda v. Arizona*, 384 U.S. 436, 444, 86 S. Ct. 1602, 1612 (1996); *Miller v. State*, 196 S.W.3d 256, 267 (Tex. App.—Fort Worth 2006, pet. ref'd). Article 38.22 requires that certain warnings must be given to a defendant before the defendant's oral statements can be used at trial; however, this requirement only applies when the defendant's statements are made during a custodial interrogation. *See* Tex. Code Crim. Proc. Ann. art. 38.22.

Custodial interrogation is defined as "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." *Miranda*, 384 U.S. at 444, 86 S. Ct. at 1612 (1966). Four factors relevant to determining whether a person is in custody are the (1) probable cause for arrest, (2)

4

subjective intent of the police, (3) focus of the investigation, and (4) subjective belief of the defendant. *Dowthitt v. State*, 931 S.W.2d 244, 254 (Tex. Crim. App. 1996). Factors two and four have become irrelevant except to the extent that they may be manifested in the words or actions of police officers; therefore, the custody determination is based entirely upon objective circumstances. *Stansbury v. California*, 511 U.S. 318, 322–23, 114 S. Ct. 1526, 1528–29 (1994); *Dowthitt*, 931 S.W.2d at 254.

Turning to the custody determination, Texas courts have identified four general situations which may constitute custody: (1) when the suspect is physically deprived of his freedom of action in any significant way, (2) when law enforcement officers tell a suspect that he cannot leave, (3) when law enforcement officers create a situation that would lead a reasonable person to believe that his freedom of movement has been significantly restricted, and (4) when there is probable cause to arrest and law enforcement officers do not tell the suspect that he is free to leave. *See, e.g.*, *Arthur v. State*, 216 S.W.3d 50, 57 (Tex. App.—Fort Worth 2007, no pet.) (citing *Dowthitt*, 931 S.W.2d at 255). In the first three situations, the restrictions upon freedom of movement must amount to the degree associated with an arrest as opposed to an investigative detention. *Dowthitt*, 931 S.W.2d at 255 (citing *Stansbury*, 511 U.S. at 322–23, 114 S. Ct. at 1528–29). In the fourth situation, the officers'

5

knowledge of probable cause must be manifested to the suspect. *Id*. The law permits an officer a reasonable time to delay potential witnesses or suspects to determine the facts of a given situation. *See Parker v. State*, 710 S.W.2d 146, 147 (Tex. App.—Houston [14th Dist.] 1986, no pet.).

Here, when Officer Little placed Oxford in his police car, the police had just recently arrived at the scene and were unsure as to the details of the robbery. Before Officer Little asked Oxford any questions, Oxford said that he had simply walked up to another robbery in progress and that he was not a participant in the robbery. Officer Little's questions then focused on what Oxford witnessed and the identity of the robber. *See Dowthitt*, 931 S.W.2d at 254. The officer was attempting to obtain information about the robbery in general and determine who was involved. *See id.* Oxford was not handcuffed during this questioning, and Officer Little testified that Oxford was not under arrest and that he did not believe he had probable cause to arrest Oxford at that time. *See Parker*, 710 S.W.2d at 147 (determining that defendant was not in custody when he was not arrested, even though he was detained by officer for questioning and not free to leave); *Skinner v. State*, No. 01-95-00576-CR, 1996 WL 227404, at *2 (Tex. App.—Houston [1st Dist.] May 2, 1996, no pet.) (not designated for publication) (noting that detention in a locked squad car does not in and of itself constitute an arrest). In fact, Oxford himself

6

testified that he believed he would be free to leave after the questioning was complete. Oxford was not handcuffed and placed under arrest until after Olivos identified him as one of the robbers, then the police had probable cause to arrest him. *See Gamble v. State*, No. 02-05-00457-CR, 2006 WL 3334229, at *3–4 (Tex. App.—Fort Worth Nov. 16, 2006, pet. ref'd) (not designated for publication) (holding that officer did not have probable cause to arrest defendant until after a reasonable time of questioning, so defendant was not in custody until arrested). After his arrest, the police did not ask him any more questions on the recording.

Oxford was not in custody at the time of the audio recording and, consequently, Officer Little's questioning was not a custodial interrogation. *See Montgomery*, 810 S.W.2d at 391. Because specific warnings are only required to be given before a custodial interrogation, we hold that the trial court did not abuse its discretion by allowing the audio recording to be admitted into evidence. *See* Tex. Code Crim. Proc. Ann. art. 38.22, § 5; *Montgomery*, 810 S.W.2d at 391.

## V. HARM ANALYSIS

Even if the trial court erred by admitting the audio recording, any error was harmless. Article 38.22, section 3 of the code of criminal procedure is a procedural evidentiary rule rather than a substantive exclusionary rule.

7

*Davidson v. State*, 25 S.W.3d 183, 186 (Tex. Crim. App. 2000). Therefore, we apply rule 44.2(b) and disregard the error if it did not affect Oxford's substantial rights. Tex. R. App. P. 44.2(b); *see Mosley v. State*, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh'g), *cert. denied*, 526 U.S. 1070 (1999); *Coggeshall v. State*, 961 S.W.2d 639, 642–43 (Tex. App.—Fort Worth 1998, pet. ref'd).

A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict. *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997) (citing *Kotteakos v. United States*, 328 U.S. 750, 776, 66 S. Ct. 1239, 1253 (1946)); *Coggeshall*, 961 S.W.2d at 643. Conversely, an error does not affect a substantial right if we have "fair assurance that the error did not influence the jury, or had but a slight effect." *Solomon v. State*, 49 S.W.3d 356, 365 (Tex. Crim. App. 2001); *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998).

In making this determination, we review the record as a whole, including any testimony or physical evidence admitted for the jury's consideration, the nature of the evidence supporting the verdict, and the character of the alleged error and how it might be considered in connection with other evidence in the case. *Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002). We may also consider the jury instructions, the State's theory and any defensive

theories, whether the State emphasized the error, closing arguments, and even voir dire, if applicable. *Id.* at 355–56.

Here, the jury heard ample testimony to determine that Oxford was guilty of aggravated robbery. Olivos identified Oxford as one of her robbers shortly after the robbery. She testified that he stole her purse from her car. The jury heard testimony that the police found Olivos's cell phone in the backseat of the same police car where Oxford had been detained and found receipts from purchases made by Olivos in Oxford's shoes. Oxford himself testified that he intended to rob someone that night and that he knew a gun would be involved. Oxford further admitted that he originally lied to Officer Little on the audio recording about not being involved in the robbery but that he was now telling the truth about stealing Olivos's purse at gunpoint.[3] Thus, after carefully reviewing the record and performing the required harm analysis under rule 44.2(b), we conclude that, in the context of the entire case against Oxford, any error in the trial court's admission of the audio recording did not have a substantial or injurious effect on the jury's verdict and did not affect Oxford's

---

[3] Oxford argues that the introduction of the audio recording compelled him to testify, allowing the State to introduce his prior convictions. But we cannot see how the admission of the audio recording—in which Oxford never admitted to the robbery—compelled him to testify that he did, in fact, rob Olivos.

substantial rights. *See King*, 953 S.W.2d at 271. Thus, even assuming error, we disregard it. *See* Tex. R. App. P. 44.2(b).

## VI. CONCLUSION

Having overruled Oxford's single point, we affirm the trial court's judgment.

SUE WALKER
JUSTICE

PANEL: WALKER, MCCOY, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: March 19, 2009