**Affirmed and Opinion filed November 26, 2013.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-12-00654-CR

---

### JOLISHA UNIQUE ARD, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the County Court at Law No. 1
Galveston County, Texas
Trial Court Cause No. MD-0309991**

---

## O P I N I O N

Appellant Jolisha Unique Ard was charged with misdemeanor theft of property of a value greater than $50 but less than $500.[1]  A jury found her guilty, and the trial court assessed punishment at 180 days' confinement probated for eighteen months.  In a single issue, she contends the trial court erred in denying her

---

[1] *See* Tex. Pen. Code § 31.03(e)(2)(A).

motion to suppress an unrecorded oral statement she made in response to a police officer's questioning. We affirm.

## *Background*

On the morning of November 26, 2010, appellant and two companions went to Kohl's department store in League City. Appellant's behavior in the store attracted the attention of the loss prevention manager, Donald Hogan, and he began to monitor her actions. Upon her exit from a fitting room, appellant was wearing certain items from Kohl's that she had not been wearing when she entered, and a security sensor from a pair of sunglasses was found in the fitting room.

Hogan stopped appellant in Kohl's foyer, just outside the store's exit, and appellant agreed to return to the store with him. She voluntarily followed Hogan to the store's loss prevention office, where she turned over the merchandise and waited until the arrival of a police officer. Upon arrival, the officer read appellant the "peace officer's adult warning"[2] and did not tell her she was free to leave. At the hearing on appellant's motion to suppress, the officer testified that he would have arrested appellant had she attempted to leave before the conclusion of his questioning. Appellant admitted to the officer she had attempted to steal items from Kohl's. The officer arrested appellant after she confessed. He testified he spent approximately five minutes with appellant in the store's loss prevention office. The trial court denied appellant's motion to suppress and admitted evidence of the statement at trial.

## *Analysis*

In her sole issue, appellant argues the trial court erred in admitting the unrecorded statement she made to the officer in violation of article 38.22 of the

---

[2] The officer testified the "peace officer's adult warning" includes the *Miranda* warning plus additional information. *See Miranda v. Arizona*, 384 U.S. 436, 478–79 (1966).

2

Texas Code of Criminal Procedure. We conclude appellant was not in custody when she made her statement to the officer; thus, the provisions of 38.22 do not apply.

An oral statement made as a result of custodial interrogation generally is not admissible unless it is properly recorded. Tex. Code Crim. Proc. art. 38.22 § 3(a). However, article 38.22 specifically exempts statements made outside of custody. *Id*. § 5. A custodial interrogation is questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of her freedom of action in any significant way. *Miranda v. Arizona*, 384 U.S. 436, 444 (1966).[3] A person is in custody only if, under all the objective circumstances, a reasonable person would believe her freedom of movement was restrained to the degree associated with an arrest. *Dowthitt v. State,* 931 S.W.2d 244, 254 (Tex. Crim. App. 1996). A person held for investigative detention is not "in custody." *Id*. at 255. The determination of custody is made on an ad hoc basis and depends on the objective circumstances, not on the unexpressed subjective views harbored by either the questioning officer or the person being questioned. *Dowthitt*, 931 S.W.2d at 254–55.

We consider four factors in deciding whether a person is in custody: (1) probable cause to arrest; (2) subjective intent of the police; (3) focus of the investigation; and (4) subjective belief of the defendant. *Nickerson v. State*, 312 S.W.3d 250, 256 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd) (citing *Dowthitt*, 931 S.W.2d at 254). Factors two and four are relevant only if they are manifested in actions or words of law-enforcement officers. *Id*. (citing *Dowthitt*,

---

[3] Our construction of "custody" for purposes of article 38.22 is consistent with the meaning of "custody" for purposes of *Miranda*. *Herrera v. State*, 241 S.W.3d 520, 526 (Tex. Crim. App. 2007).

3

931 S.W.2d at 254). Furthermore, an interrogation may be noncustodial when it begins, but then later rise to the level of a custodial interrogation. *Id.*

There are also at least four general situations when an investigative detention may evolve into custody:

1. The suspect is physically deprived of her freedom of action in any significant way;

2. A law enforcement officer tells the suspect she cannot leave;

3. Law enforcement officers create a situation that would lead a reasonable person to believe that her freedom of movement has been significantly restricted; or

4. Law enforcement officers have probable cause to arrest a suspect, manifest their knowledge of probable cause to the suspect, and do not tell the suspect that she is free to leave.[4]

*State v. Saenz,* No. PD-0043-13, 2013 WL 5729973, at *5-6 (Tex. Crim. App. Oct. 23, 2013) (citing *Dowthitt,* 931 S.W.2d at 255). In each situation, there must be a restriction of freedom of movement that is tantamount to an arrest. *Nickerson,* 312 S.W.3d at 256. The defendant has the burden of proving that a statement was the product of a custodial interrogation. *Herrera v. State,* 241 S.W.3d 520, 526 (Tex. Crim. App. 2007).

A trial court's ultimate custody determination presents a "mixed question of law and fact." *Saenz,* 2013 WL 5729973, at *3 (quoting *Thompson v. Keohane,* 516 U.S. 99, 112–13 (1995)). We must give almost total deference to the trial court's assessments of historical fact and conclusions with respect to mixed questions of law and fact that turn on credibility and demeanor. *Id.*; *State v. Ortiz,* 382 S.W.3d 367, 372 (Tex. Crim. App. 2012). In contrast, we review de

---

[4] These categories were intended to be merely descriptive, not exhaustive. *State v. Ortiz,* 382 S.W.3d 367, 376 (Tex. Crim. App. 2012).

4

novo mixed questions of law and fact that do not turn on credibility and demeanor. *Saenz*, 2013 WL 5729973, at *3; *Ortiz*, 382 S.W.3d at 372. We determine the ultimate legal question of whether an individual was in custody by considering the facts, as assessed for weight and credibility by the trial court, and making a legal determination as to whether those facts amount to custody under the law. *Saenz*, 2013 WL 5729973, at *4; *see also Ortiz*, 382 S.W.3d at 372. Generally, when the trial court denies a motion to suppress and does not make findings of fact, as here, we view the evidence "in the light most favorable to the trial court's ruling" and "assume that the trial court made implicit findings of fact that support its ruling as long as those findings are supported by the record."[5] *See Herrera*, 241 S.W.3d at 527.

With these standards in mind, we turn to the facts before us. While it is uncontested by both parties that appellant was detained during questioning, appellant argues that her investigative detention had evolved into a custodial interrogation because the officer testified that he would have arrested her had she attempted to leave prior to the conclusion of his questioning and did not inform her that she was free to leave. Thus, the relevant factors we consider in our analysis are whether appellant was or reasonably believed she was physically deprived of significant freedom of movement and whether, in failing to inform appellant that she was free to leave, the officer manifested to appellant that he had probable cause to arrest her.

---

[5] An appellate court must abate an appeal for findings of fact when there is a challenge to a statement's voluntariness, even if neither party requested findings in the trial court. *Vasquez v. State*, No. PD-0497-13, 2013 WL 5729828, at *1-2 (Tex. Crim. App. Oct. 23, 2013). Here, appellant does not challenge the voluntariness of her statement (it is undisputed that the officer read her the *Miranda* warnings before questioning her). Instead, she challenges only the admissibility of her unrecorded statement under article 38.22. *See, e.g., Thomas v. State*, No. 08-99-00462-CR, 2001 WL 459067, at *3 (Tex. App.—El Paso May 2, 2001, no pet.) (not designated for publication).

**No Significant Deprivation of Freedom.** An investigative detention can evolve into custody if officers physically deprive a person of significant freedom of movement or create a situation in which a reasonable person would believe she is deprived of significant freedom of movement. *Dowthitt*, 931 S.W.2d at 255. Whether a person is under arrest or subject merely to a temporary investigative detention is a matter of degree and depends upon (1) the length of the detention, (2) the amount of force employed, and (3) whether the officer actually conducts an investigation. *Mount v. State,* 217 S.W.3d 716, 724 (Tex. App.—Houston [14th Dist.] 2007, no pet). Moreover, when a person voluntarily accompanies police officers, who are then only in the process of investigating a crime, to a certain location and she knows or should know that the police officers suspect she may have committed or may be implicated in committing the crime, we cannot hold under those circumstances such a person is restrained of her freedom of movement. *Nickerson*, 312 S.W.3d at 256. In that situation, the suspect is not in custody. *Id.*

Here, appellant's detention was relatively brief. The officer testified that he spent approximately five minutes with appellant in the loss prevention office. Appellant's testimony that she was in the loss prevention office for an unknown amount of time does not refute this. The record does not show that any show of force was used: appellant voluntarily followed Hogan to the loss prevention office; the officer did not draw his weapon; he spoke in a conversational, non-threatening tone during his questioning; there is no evidence that the door to the store's loss prevention office was closed or locked; and appellant was not handcuffed or physically restrained before her arrest. The officer was not present at the time of the alleged theft and was actually investigating the situation through his line of questioning. Based on these facts, the officer's minimal restriction of appellant's physical freedom during his brief questioning of appellant with little or no show of

6

force was consistent with an investigative detention and not custodial interrogation. *See id.* at 256-57 (holding officers' entering suspect's home and suspect's voluntarily agreeing to go with officers who never drew weapons or put suspect in handcuffs did not amount to custodial interrogation because appellant was "never physically deprived of his freedom in any significant way, . . . told he could not leave [or] restricted in his movement to amount to an arrest").

**Probable Cause to Arrest Not Manifested to the Suspect Before Confession**. Custody can also arise when officers (1) have probable cause to arrest a suspect, (2) manifest their knowledge of probable cause to the suspect, and (3) do not tell the suspect that she is free to leave. *Saenz*, 2013 WL 5729973, at *5-6; *Dowthitt*, 931 S.W.2d at 255. Manifestation of probable cause can occur if information sustaining the probable cause is related by the officers to the suspect or by the suspect to the officers. *Dowthitt*, 931 S.W.2d at 255. However, this situation will not automatically establish custody; custody is established only if the manifestation of probable cause, combined with other circumstances, would lead a reasonable person to believe that she is under restraint to the degree associated with an arrest. *Id.*; *see also Shiflet v. State*, 732 S.W.2d 622, 629 (Tex. Crim. App. 1985) (listing examples of when custody can be found short of an actual arrest). Moreover, custody is not established during an investigative detention simply because the suspect is not able to leave until the investigation is completed. *Parker v. State,* 710 S.W.2d 146, 147 (Tex. App.—Houston [14th Dist.] 1986, no pet.); *see also Turner v. State*, 252 S.W.3d 571, 580 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd) (holding that suspect was not in custody when officer handcuffed him for officer safety while transporting him to police station). Save as they are communicated or otherwise manifested to the person being questioned, an officer's evolving but unarticulated suspicions do not affect the objective circumstances of

7

an interrogation or interview. *Stansbury v. California*, 511 U.S. 318, 323-24 (1994).

Here, appellant argues that she was subjected to custodial interrogation because the officer intended to arrest her if she had attempted to leave before his investigation was complete. However, the record does not show that the officer communicated this subjective intent to appellant by words or deeds.[6] An officer's unarticulated plan and subjective beliefs about what may have occurred have no bearing on whether or not appellant was "in custody" at a particular time. *See id.*; *see also Berkemer v. McCarty*, 468 U.S. 420, 442 (1984).

The only manifestation of probable cause occurred when appellant confessed to the officer. This oral statement sustained any suspicion of probable cause that the officer may have subjectively had up to that point in time. *Cf. Dancy v. State*, 728 S.W.2d 772, 778 (Tex. Crim. App. 1987) (concluding that once appellant's shoe prints linked him to the crime, police had probable cause to arrest and did so as quickly as possible). Consequently, appellant was placed under arrest and handcuffed immediately after her confession. Appellant's manifestation of probable cause through her confession combined with her physical restraint from the handcuffs would lead a reasonable person to believe that she was under restraint to the degree associated with an arrest. It was therefore at the time of her arrest that appellant's investigative detention evolved into custody. *See id.*

Because appellant was not in custody when she made the statement, article 38.22 did not require it to be recorded. Therefore, the trial court did not err when it denied appellant's motion to suppress her oral statement. We overrule appellant's sole issue.

---

[6] The mere recitation of *Miranda* warnings does not communicate an officer's intent to arrest. *Anderson v. State*, 932 S.W.2d 502, 506 (Tex. Crim. App. 1996).

We affirm the trial court's judgment.


/s/     Martha Hill Jamison
         Justice


Panel consists of Justices Jamison, McCally, and Busby.

Publish—Tᴇx. R. Aᴘᴘ. P. 47.2(b).