ACCEPTED
01-15-00054-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
9/30/2015 1:18:23 PM
CHRISTOPHER PRINE
CLERK

# No. 01-15-00053-CR
# No. 01-15-00054-CR

In the
## Court of Appeals
For the
## First District of Texas
At Houston

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

9/30/2015 1:18:23 PM

CHRISTOPHER A. PRINE
Clerk

———————◆———————

Nos. 1410122 & 1410123
In the 174th Criminal District Court
Of Harris County, Texas

———————◆———————

**DAMIEN SCOTT**

*Appellant*

V.

**THE STATE OF TEXAS**

*Appellee*

———————◆———————

## STATE'S APPELLATE BRIEF

———————◆———————

DEVON ANDERSON
District Attorney
Harris County, Texas

BRIDGET HOLLOWAY
Assistant District Attorney
Harris County, Texas
Texas Bar No. 24025227
holloway_bridget@dao.hctx.net

GRETCHEN FLADER
Assistant District Attorney
Harris County, Texas

Harris County Criminal Justice Center
1201 Franklin, Suite 600
Houston, Texas 77002
Tel.: 713·755·5826

ORAL ARGUMENT NOT REQUESTED

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to TEX. R. APP. P. 9.4(g) and TEX. R. APP. P. 39.1, the State does not request oral argument.

## IDENTIFICATION OF THE PARTIES

Pursuant to TEX. R. APP. P. 38.2(a)(1)(A), a complete list of the names of all interested parties is provided below.

*Counsel for the State:*

**Devon Anderson** — District Attorney of Harris County
**Bridget Holloway** — Assistant District Attorney on appeal
**Gretchen Flader** — Assistant District Attorney at trial

*Appellant or criminal defendant:*

**Damien Scott**

*Counsel for Appellant:*

**Paul St. John** — Attorney at trial
**Melissa Martin** —Assistant Public Defender on appeal

*Trial Judge:*

**Honorable Ruben Guerrero** — Presiding Judge

# TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT .........................................................1

IDENTIFICATION OF THE PARTIES .........................................................................1

TABLE OF CONTENTS.................................................................................................2

INDEX OF AUTHORITIES ...........................................................................................3

STATEMENT OF THE CASE ........................................................................................5

STATEMENT OF FACTS ..............................................................................................5

SUMMARY OF THE ARGUMENT...............................................................................6

> Because appellant's statement was not the product of custodial interrogation, appellant's counsel was not ineffective for failing to move to suppress his statement.

REPLY TO APPELLANT'S SOLE ISSUE PRESENTED..................................................6
   Applicable Authority .................................................................................................6
   Analysis ......................................................................................................................8

CONCLUSION ............................................................................................................12

CERTIFICATE OF SERVICE AND WORD LIMIT COMPLIANCE ........................13

# INDEX OF AUTHORITIES

C<small>ASES</small>

*Amores v. State,*
    816 S.W.2d 407 (Tex. Crim. App. 1991)......................................................................9

*Berkemer v. McCarty,*
    468 U.S. 420, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984).................................................8

*Bone v. State,*
    77 S.W.3d 828 (Tex. Crim. App. 2002)........................................................................7

*Bridge v. State,*
    726 S.W.2d 558 (Tex. Crim. App. 1986).......................................................................7

*Curtis v. State,*
    238 S.W.3d 376 (Tex. Crim. App. 2007)......................................................................9

*Ex parte White,*
    160 S.W.3d 46 (Tex. Crim. App. 2004) ......................................................................11

*Ford v. State,*
    158 S.W.3d 488 (Tex. Crim. App. 2005) ......................................................................9

*Francis v. State,*
    922 S.W.2d 176 (Tex. Crim. App. 1996) ......................................................................8

*Godwin v. State,*
    899 S.W.2d 387
    (Tex. App. —Houston [14th Dist.] 1995, pet. ref'd)....................................................11

*Jackson v. State,*
    973 S.W.2d 954 (Tex. Crim. App. 1998)......................................................................12

*McFarland v. State,*
    928 S.W.2d 482 (Tex. Crim. App. 1996) ......................................................................8

*Parker v. State,*
710 S.W.2d 146
(Tex. App. —Houston [14th Dist.] 1986, no pet.)..................................................... 10

*Stansbury v. California,*
511 U.S. 318, 114 S.Ct. 1526, 128 L.Ed.2d 293 (1994) .......................................... 10

*State v. Garcia,*
25 S.W.3d 908
(Tex. App. —Houston [14th Dist.] 2000, no pet.)...................................................... 8

*State v. Sheppard,*
271 S.W.3d 281 (Tex. Crim. App. 2008) ................................................................. 9

*Strickland v. Washington,*
466 U.S. 668 (1984).............................................................................................6, 7, 8

*Thompson v. State,*
9 S.W.3d 808 (Tex. Crim. App. 1999)......................................................................6, 7

*Turner v. State,*
252 S.W.3d 571
(Tex. App. —Houston [14th Dist.] 2008, pet. ref'd) ................................................ 10

## RULES

Tex. R. App. P. 38.2(a)(1)(A)....................................................................................1

Tex. R. App. P. 39.1....................................................................................................1

Tex. R. App. P. 9.4(g) ................................................................................................1

TO THE HONORABLE COURT OF APPEALS:

## **<u>STATEMENT OF THE CASE</u>**

Appellant, Damien Scott, was charged with felon in possession of a weapon and evading arrest. (CR122 at 13; CR123 at 12). Appellant entered pleas of guilty to both charges after the trial court denied his motion to suppress. (RRII at 59, 79). The trial court later sentenced appellant to confinement for 4 years for evading arrest and 6 years for felon in possession of a weapon, to run concurrently. (RRII at 105). Written notices of appeal were timely filed. (CR122 at 109; CR123 at 79).

———————◆———————

## **<u>STATEMENT OF FACTS</u>**

Officers patrolling a high crime area of Houston at night saw appellant riding his bike down the middle of a street, weaving back and forth, and without a light. (RRII at 22-25, 45-47). The officers stopped appellant and asked for identification. They also asked him if he had anything illegal on him and appellant replied, "a crack pipe." (RRII at 26, 48-49). After finding the crack pipe, and while arresting him, the officers saw appellant also possessed a gun. (RRII at 28, 50). After obtaining the gun from appellant, he was able to take off running, but was soon captured. (RRII at 28, 50, 69).

5

---◆---

## SUMMARY OF THE ARGUMENT

Because appellant's statement was not the product of custodial interrogation, appellant's counsel was not ineffective for failing to move to suppress his statement.

---◆---

## REPLY TO APPELLANT'S SOLE ISSUE PRESENTED

Appellant complains his trial counsel was ineffective for failing to attempt to suppress his "crack pipe" statement because, he argues, it was the product of custodial interrogation. Because appellant's statement was not the product of custodial interrogation, appellant's counsel was not ineffective for failing to move to suppress his statement.

### APPLICABLE AUTHORITY

The adequacy of an attorney's performance is reviewed under the standard articulated in *Strickland*. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). In order to prevail on a claim of ineffective assistance of counsel, a defendant must show: (1) defense

counsel's performance was deficient; and (2) the deficient performance prejudiced the defense to such a degree that the defendant was deprived of a fair trial. *Id.*

The first prong of the *Strickland* standard requires the defendant to show that counsel's performance fell below an objective standard of reasonableness. *Thompson*, 9 S.W.3d at 812. With regard to the second prong, the defendant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. *Id.* at 813.

This does not mean that an accused is entitled to errorless or perfect counsel; the appellate court examines the totality of the representation and the particular circumstances of each case in evaluating the effectiveness of counsel. *Id;* *See Bridge v. State*, 726 S.W.2d 558, 571 (Tex. Crim. App. 1986). An appellate court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 685. Under normal circumstances, the record on direct appeal will not be sufficient to show that counsel's representation was so deficient and so lacking in tactical or strategic decision-making as to overcome the presumption that counsel's conduct was reasonable and professional. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).

It is the defendant's burden to prove ineffective assistance of counsel by a preponderance of the evidence. *Strickland*, 466 U.S. at 687. A claim of ineffective assistance of counsel must be firmly supported by the record. *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996).

## ANALYSIS

Appellant argues that approaching him on his bike and immediately asking him "if he had a crack pipe" amounted to custodial interrogation.[1] That is not the law, however, nor is that what occurred according to the officers.

An investigative detention is a seizure, but is characterized by a lesser amount of restraint on an individual. *See Berkemer v. McCarty*, 468 U.S. 420, 437–40, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984); *Francis v. State*, 922 S.W.2d 176, 178 (Tex. Crim. App. 1996). An investigative detention occurs when an individual is temporarily detained by law enforcement officials for purposes of an investigation. *State v. Garcia*, 25 S.W.3d 908, 911 (Tex. App. —Houston [14th Dist.] 2000, no pet.) (citing Johnson v. State, 912 S.W.2d 227, 235 (Tex. Crim. App. 1995)). To detain an individual for investigatory purposes, *i.e.*, without a warrant, a police officer need only have a reasonable, articulable suspicion that the individual has been, or soon will be engaged in criminal activity. *Ford v. State*, 158 S.W.3d 488, 492 (Tex.

---

[1] Appellant's brief at 11.

8

Crim. App. 2005). This is an objective standard that disregards any subjective intent of the officer making the stop, and therefore we consider only whether an objective basis for the stop exists. *Id.* In making a determination as to the existence of reasonable suspicion, the totality of the circumstances is considered. *Id.* at 492–93.

An arrest, however, imposes a greater degree of restriction on an individual's freedom of movement than an investigatory detention. *State v. Sheppard*, 271 S.W.3d 281, 290 (Tex. Crim. App. 2008). Accordingly, an arrest must be justified by probable cause as opposed to reasonable suspicion. *Amores v. State*, 816 S.W.2d 407, 411 (Tex. Crim. App. 1991).

To determine whether a detention is merely for investigatory purposes or amounts to an arrest, Texas courts use a totality of the circumstances approach. *Sheppard*, 271 S.W.3d at 291; *Curtis v. State*, 238 S.W.3d 376, 379 (Tex. Crim. App. 2007). In making this determination, courts are to consider:

> [T]he amount of force displayed, the duration of a detention, the efficiency of the investigative process and whether it is conducted at the original location or the person is transported to another location, the officer's expressed intent —that is, whether he told the detained person that he was under arrest or was being detained only for a temporary investigation, and any other relevant factors.

*Sheppard*, 271 S.W.3d at 291.

Moreover, custody is not established during an investigative detention simply because the suspect is not able to leave until the investigation is completed. *Parker v. State*, 710 S.W.2d 146, 147 (Tex. App. —Houston [14th Dist.] 1986, no pet.); *see also Turner v. State*, 252 S.W.3d 571, 580 (Tex. App. —Houston [14th Dist.] 2008, pet. ref'd) (holding that suspect was not in custody when officer handcuffed him for officer safety while transporting him to police station). An officer's evolving but unarticulated suspicions do not affect the objective circumstances of an interrogation or interview. *Stansbury v. California*, 511 U.S. 318, 323–24, 114 S.Ct. 1526, 128 L.Ed.2d 293 (1994).

Appellant argues that he was subjected to custodial interrogation because the officers told him to stop and shined a light on him. That, however, does not turn the encounter into an arrest. Although appellant testified the officers immediately patted him down, he also claims he was clean and they found nothing; yet, somehow, admittedly, they later found a gun in his waistband. (RRII at 18-20). The officers testified they pulled him over for Class C violations (to which appellant admits he committed) and "were simply talking to him" at the point they asked him if he had anything illegal on him. (RRII at 15, 29, 46-49). The only manifestation of probable cause occurred after the officers asked appellant if he had anything illegal on him and appellant responded, "a crack pipe,"

10

and then a crack pipe was located in his possession. Consequently, appellant was placed under arrest and handcuffed.

Appellant's manifestation of probable cause through his statement combined with his physical restraint from the handcuffs would lead a reasonable person to believe that he was under restraint to the degree associated with an arrest. It was at that time of his arrest that appellant's investigative detention evolved into custody.

Because appellant was not in custody when he made the statement, Article 38.22 did not require it to be recorded or suppressed. Appellant's counsel cannot be found ineffective for failing to object to admissible testimony. *See Ex parte White*, 160 S.W.3d 46, 53 (Tex. Crim. App. 2004) (holding counsel not ineffective for failing to object to admissible testimony); *see also Godwin v. State*, 899 S.W.2d 387, 391 (Tex. App. —Houston [14th Dist.] 1995, pet. ref'd) (appellant's counsel was not ineffective for failing to obtain a ruling or a hearing on a motion to suppress evidence that is clearly admissible). Appellant must show that a motion to suppress would have been successful in order to show that his attorney did not provide reasonable professional assistance.[2] *See Jackson v. State*, 973 S.W.2d 954, 957

_____

[2] Moreover, appellant's counsel filed a Motion to Suppress the "fruits of [appellant's] arrest and detention" pursuant to Article 38.23. Appellant's claims on appeal do not mention Article 38.23 and appear to be focused on suppressing only his statement under Article 38.22.

11

(Tex. Crim. App. 1998). Appellant's sole issue presented on appeal should be overruled

————————◆————————

## CONCLUSION

It is respectfully submitted that all things are regular and the conviction should be affirmed.

DEVON ANDERSON
District Attorney
Harris County, Texas

/s/ *Bridget Holloway*

BRIDGET HOLLOWAY
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas  77002
713.755.5826
Texas Bar No.  24025227
holloway_bridget@dao.hctx.net

## CERTIFICATE OF SERVICE AND WORD LIMIT COMPLIANCE

This is to certify: (a) that the word count of the computer program used to prepare this document reports that there are 2138 words in the document; and (b) that the undersigned attorney requested that a copy of this document be served to appellant's attorneys via TexFile at the following emails on September 30, 2015:

Melissa Martin
Assistant Public Defender
Email: melissa.martin@pdo.hctx.net

/s/ *Bridget Holloway*

**BRIDGET HOLLOWAY**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
713.755.5826
Texas Bar No. 24025227
holloway_bridget@dao.hctx.net